## THROWER v. BAKER, receiver.

A and B agreed to exchange land. The lot of A was encumbered with a deed to secure a debt of $3,500. A's conveyance to B recited a consideration of $9,500, and contained a general warranty of title. B paid the encumbrance; and suit was brought for this sum as due because of a breach of warranty. A defended the suit by setting up the terms of the agreement respecting the exchange of land; which were, that the parties valued A's land at $13,000 and B's land at $14,000, and that A was to give B his note for $4,500, which was to cover the $1,000 inequality in value and the $3,500 encumbrance. The note for $4,500 was given and was paid. *Held*, that parol testimony was competent to prove the facts alleged in the plea. The purport of this testimony is in explanation of the real consideration of the deed, and goes to the point, not of excepting the encumbrance from the operation of the warranty, but of showing that the vendor contemporaneously provided the vendee with the means with which to pay the encumbrance.

DECEMBER 15, 1915.

Equitable petition. Before Judge Pendleton. Fulton superior court. January 6, 1915.

The action was by D. J. Baker, receiver of E. Y. Crockett, against M. L. Thrower, to recover for a breach of warranty. Thrower conveyed to Crockett a lot of land "for and in consideration of the sum of ninety-five hundred dollars ($9,500.00) in hand paid," with a general warranty of title. The land was encumbered by a security deed for $3,500, executed by Thrower. Crockett procured an extension of this loan when it fell due. In a proceeding by Crockett's creditors against him a receiver was appointed, who sold the land at receiver's sale, and a vendee from the purchaser thereat paid off the encumbrance. The defendant introduced in evidence a note for $4,500, which had an indorsement of payment thereon by E. Y. Crockett. He offered to testify that he and Crockett, owning separate lots of land, agreed upon an exchange of them; "the agreement was that I was to accept his property at $14,000 and he was to accept my property at $13,000. In other words, I was to pay him $9,500 and he was to assume the loan of $3,500, and I gave him my note for $4,500, and the same has been paid. That $4,500 note was to cover the difference of $1,000 between the prices and the $3,500 due the Travelers Insurance Company. I did afterwards pay that note of $4,500. Mr. Crockett never at any time asked me to pay that debt to the Travelers Insurance Company. The agreement was that I was to take his place at $9,500 and give him a $4,500 note, and he was to pay the $3,500. He was to assume the loan of $3,500." This testimony was excluded by the court, and a verdict was directed for the plaintiff for the full amount of the encumbrance paid off by the vendee from the purchaser at receiver's sale. The defendant excepts.

*George Westmoreland,* for plaintiff in error.

*Rosser, Brandon, Slaton & Phillips* and *J. H. Porter,* contra.

EVANS, P. J. (After stating the foregoing facts.) The action is for a breach of covenant of warranty. The warranty was general, which includes a covenant of freedom from encumbrances, whether known or unknown to the purchaser at the time of taking the deed. Civil Code (1910), §§ 4194, 4195; *Miller* v. *Desverges, 75 Ga.* 407. There was an encumbrance on the property of $3,500, which has been discharged by the purchaser's grantee, and the suit is for reimbursement on account of an alleged breach of the warranty.

The vendor denied that there had been a breach of the warranty. He offered to testify that the terms of the contract of sale between the vendee and himself were: that he owned a lot of land which he valued at $13,000, which was its true market value, and which was encumbered by a deed to secure a debt of $3,500; that the vendee owned a lot of land which was valued at $14,000; that the agreement was that the vendor (the plaintiff in error) and the vendee were to exchange their lots at these valuations, and in effectuation of the agreement the vendor gave to the vendee his note for $4,500, which was accepted by the vendee; that this sum was to compensate him for the difference of $1,000 in the agreed valuations of the respective properties and for the $3,500 encumbrance which the vendee assumed and promised to pay; that the recital of the consideration at $9,500 represented the difference between the value of the vendee's land and the note of $4,500; and that the vendor paid his note of $4,500. The court disallowed this testimony, on the ground that it contradicted the warranty.

The parol-evidence rule excludes any variation or contradiction of the terms of a valid written instrument. There is, however, another rule of statutory sanction, that the consideration of a deed may always be inquired into when the principles of justice require it. Civil Code (1910), § 4179. It is upon the application of these two rules of evidence to the case at bar that the contending parties differ. Recitals in deeds, except payment of purchase-money as against the grantor and his privies, generally work an estoppel. Civil Code (1910), § 5736. In the inquiry into the real consideration of a deed, the parties will not be allowed to add a new covenant (*L. & N. R. Co.* v. *Willbanks,* 133 *Ga.* 15, 65 S. E. 86, 24 L. R. A. (N. S.) 374, 17 Ann. Cas. 860), or to change an express covenant as to the quantity of the land conveyed, by parol proof of an agreed exception of a part of the premises (*Miller* v. *Desverges,* supra), or to destroy a mutual covenant (*Wellmaker* v. *Wheatley,* 123 *Ga.* 201, 51 S. E. 436). On the other hand, the parties will not be cut off from showing the real consideration by parol evidence, although it may reduce or enlarge the amount which may be recoverable for a breach of warranty. *Stone* v. *Minter,* 111 *Ga.* 45 (36 S. E. 321, 50 L. R. A. 356). The recital of the consideration is open to explanation, if the consideration is not referred to in the deed in such a way as to make it one of the terms or conditions of the contract.

*Coldwell Co.* v. *Cowart,* 138 *Ga.* 233, 236 (75 S. E. 425). In the deed under consideration there is no recital making the particular sum expressed as the consideration a term of the contract. The testimony of the vendor does not go to the point of undertaking to establish a parol convention between the parties to exempt the encumbrance from the operation of the warranty. His testimony is that he gave to the vendee his promissory note for the amount of the encumbrance (plus the difference in the value of the lots exchanged), in satisfaction of it, and that he paid his note to the vendee; in other words, that he furnished to the vendee the money with which to discharge the encumbrance. If the transaction be as described by the vendor, then to permit a recovery in the present action would be to doubly subject the vendor to the payment of the encumbrance. Does not this case call for the application of the principle that the consideration of a deed may always be inquired into when the principles of justice require it? We think so.

*Judgment reversed. All the Justices concur.*