## HORTON v. STONE.

1. The grant or refusal of a continuance, upon motion of a party, of a case which is called for trial, rests in the discretion of the trial court; and in this case the refusal will not be disturbed, because no abuse of discretion on the part of the court is shown.

2. Where A sold land to B, and there was an encumbrance in the form of a security deed to a third party upon the land at the time of the sale, and the vendor executed to the purchaser a warranty deed to the land, taking from the latter to secure the payment of a balance of the purchase-money a security deed containing a power of sale, and there was no reference in either of the deeds to the existence of the debt due the third party, the vendor, if solvent, upon the happening of the contingencies stipulated, could exercise the power of sale, though the encumbrance on the land represented by the security deed to the third party had not been paid off; and the court did not err in refusing to enjoin the exercise of the power.

3. Where the owner of land executed a warranty deed to a purchaser, in which deed the consideration was stated as a certain sum of money, and received from the purchaser a security deed executed by him to secure a balance of the unpaid purchase-money, and the security deed contained a power of sale authorizing the vendor, upon a failure to pay the notes for the unpaid purchase-money due, to sell the land; and where, upon the failure of the purchaser to meet the obligations upon the maturity of the notes, the vendor, in the exercise of the power, advertised the land for sale, and the purchaser filed an equitable petition for injunction to restrain the sale, upon the ground, among others, that at the time of the execution of the warranty deed by his vendor there was an encumbrance upon the land in the form of a warranty deed to secure the payment to a third party of a certain sum of money, and the vendor answered the petition by setting up that it was the understanding that the purchaser should pay off the debt due the third party, it was competent to establish the allegation in the answer by parol evidence, although no reference to such incumbrance was made in the warranty deed to the purchaser nor in the security deed executed by the latter.

4. The court was authorized to find that the security deed was not infected with usury.

No. 4217.   JUNE 16, 1924.

Petition for injunction. Before Judge Highsmith. Appling superior court. January 5, 1924.

*H. J. Lawrence,* for plaintiff. *Wade H. Watson,* for defendant.

BECK, P. J. On the 14th day of August, 1919, Mrs. H. B. Stone, being the owner and in possession of 108 acres of land in Appling County, Georgia, contracted to sell the same to G. G. Horton for the consideration of $8,000. There was at that time an encumbrance upon the land in the form of a security deed executed by Mrs. Stone to Charles Forman. Horton paid Mrs.

Stone $1900 cash, assumed the payment of the $3,000 loan as part of the $8,000 consideration, and gave to Mrs. Stone for the balance of the purchase-price three notes for $1,000 each and one note for $100; and Mrs. Stone executed and delivered to Horton her bond for title to the land, which bond recited the manner of the deferred payments as above stated. Horton went into possession of the land. He failed to pay Mrs. Stone the notes due for the balance of the purchase-price coming to her, and when the notes became due she sued Horton, obtained judgment against him, and levied the same on part of the crop of Horton in the fall of 1922. Previous to this, the house on the place had been burned, and part of the money due Mrs. Stone was paid to her; and after the levy above specified was made, Horton turned over to Mrs. Stone certain personalty which, when added to the amount already paid, left Horton still due Mrs. Stone $1757.35 on November 30, 1922. Horton requested additional time to pay Mrs. Stone the balance coming to her; and then Mrs. Stone made a deed to Horton covering the land, and took from Horton his note for the balance due her, $1757.35, and a security deed to the property, and in this deed there was a power of sale upon the default of the payment by Horton of his debt when due. At the time the deed was made by Mrs. Stone nothing was said about the Charles Forman loan of $3,000, which Horton had assumed as part of the consideration of the trade when he bought the property. In drawing the deed from Mrs. Stone to Horton and the security deed from Horton to Mrs. Stone to secure the payment of the balance of the purchase-price, no reference was made to the Charles Forman loan deed. After Horton gave the note and security deed to Mrs. Stone for the balance due, he failed to pay the debt when due; and Mrs. Stone advertised the land for sale, as was provided in the power of sale contained in the deed. Horton filed his petition to the superior court, asking for an injunction against the sale of the land, in which petition he set out and claimed that Mrs. Stone had agreed to pay the Charles Forman loan, basing his contention on the ground that she had made a warranty deed to the land and had not made it subject to the security deed. He further set up that certain amounts going to make up the amount of $1757.35, which Mrs. Stone claimed against him, included an amount of usury and too much interest on certain items.

The court, when the petition was presented, granted a restraining order and a rule nisi. At the hearing Mrs. Stone filed her answer denying that she had agreed to pay the Charles Forman loan, and further setting up that the plaintiff when he bought the land from her assumed the payment of the Forman debt as part of the consideration, and that she had given him credit therefor, and that all of same appeared from the bond for title given by her to Horton at the time of the sale of the land, copy of which she attached to her answer; denying that any part of the debt claimed by her was improper, and alleging that the debt which she was seeking to foreclose was for the payment of the note and security deed given by Horton to secure the balance of the purchase-price, and that he executed this note and security deed in order to obtain time to pay the amount for which she had already obtained judgment against him. The case was heard by the judge upon affidavits and documentary evidence, and during the hearing Mrs. Stone amended her plea by praying for the reformation of the warranty deed and the security deed executed November 30, 1922, so that they would read subject to the loan deed to Charles Forman to secure the $3,000 due him, alleging that same was left out by mutual mistake. After hearing the case the judge passed an order denying the injunction and dissolving the restraining order previously granted. Horton brought this judgment by writ of error for review.

1. At the hearing of an equitable petition, to which the defendant made an answer, the plaintiff offered an amendment, which was allowed; and the defendant, claiming that he was surprised thereby, moved for a continuance that he might procure evidence to meet the allegations of the amendment. The motion to continue was overruled. The grant or refusal of a continuance rests in the discretion of the court; and a judgment refusing a continuance will not be disturbed unless an abuse of discretion is shown, and it is not shown by the plaintiff in error. No statement was made to the court as to the time for which the continuance was desired, or within which it was probable that the evidence desired could be obtained. The motion did not show the nature or character of the evidence, nor did the movant state that he expected to procure evidence which would meet the allegations which he desired to controvert; nor is the name of any witness stated whose evidence he desired to secure.

2. The court did not err in refusing an injunction. There was evidence authorizing the court to find that Mrs. Stone, the grantee in the security deed containing the power of sale, was solvent. While the covenant of warranty in her deed to Horton was general, and therefore included a covenant of freedom from encumbrances, nevertheless she could proceed with the sale under the power, for she would be liable to the purchaser under the warranty if petitioner's theory of the case is true; that is, that when the deed from Mrs. Stone to petitioner was executed it was understood and agreed that the vendor should pay off the indebtedness against the land, which was represented by a security deed to Charles Forman, the amount of the debt thus secured being $3,000. This encumbrance was in existence at the time of the execution of the deed to Horton and of the security deed from Horton to Mrs. Stone. There is no stipulation in Horton's security deed containing the power of sale that this should be paid off before the power of sale was executed. If Mrs. Stone had been shown to be insolvent, equity might have intervened to protect the purchaser's interests and rights under the covenant of warranty.

3. Moreover, we are of the opinion that although in the deed from Mrs. Stone to Horton, or in the security deed from the latter to his vendor, which was the only written evidence of the renewed contract between Mrs. Stone and Horton for the sale of the land, no reference was made to the security deed to Forman, it was competent by parol evidence to show that it was the understanding and agreement between vendor and purchaser that the latter should pay off the existing encumbrance upon the land. This evidence related to the consideration of the deed, and was in explanation of the real consideration of that instrument. True the deed refers to a fixed sum as the consideration for the conveyance, but it was competent for the parties to show that there was an additional consideration, to wit, that the purchaser assumed the payment of the debt which was an encumbrance upon the land at the time of the purchase; and it was competent for the defendant in the equitable petition to show the true consideration of the deed by the parol evidence which was objected to. In the case of *Thrower* v. *Baker,* 144 *Ga.* 372 (87 S. E. 301), it was said: "The parol-evidence rule excludes any variation or contradiction of the terms of a valid written instrument. There is, however, another

rule of statutory sanction, that the consideration of a deed may always be inquired into when the principles of justice require it. Civil Code (1910), § 4179. It is upon the application of these two rules of evidence to the case at bar that the contending parties differ. Recitals in deeds, except payment of purchase-money as against the grantor and his privies, generally work an estoppel. Civil Code (1910), § 5736. In the inquiry into the real consideration of a deed, the parties will not be allowed to add a new covenant (*L. & N. R. Co.* v. *Willbanks,* 133 *Ga.* 15, 65 S. E. 86, 24 L. R. A. (N. S.) 374, 17 Ann. Cas. 860), or to change an express covenant as to the quantity of the land conveyed, by parol proof of an agreed exception of a part of the premises (*Miller* v. *Desverges,* 75 *Ga.* 407), or to destroy a mutual covenant (*Wellmaker* v. *Wheatley,* 123 *Ga.* 201, 51 S. E. 436). On the other hand, the parties will not be cut off from showing the real consideration by parol evidence, although it may reduce or enlarge the amount which may be recoverable for a breach of warranty. *Stone* v. *Minter,* 111 *Ga.* 45 (36 S. E. 321, 50 L. R. A. 356). The recital of the consideration is open to explanation, if the consideration is not referred to in the deed in such a way as to make it one of the terms or conditions of the contract." We think the ruling made in the *Thrower* case controls, in principle, the question made in the present case by the objection to the parol evidence tending to establish the contention of the defendant, that the purchaser of the land, Horton, agreed to pay off the encumbrance on the land in addition to the purchase-price stipulated in the deed.

4. The court was authorized to find that the security deed was not infected with usury.

*Judgment affirmed. All the Justices concur except Russell, C. J., dissenting.*