## SIKES *et al.,* administrators, *v.* SIKES.

1. That a husband was present and looking after the transaction when his wife executed a deed of conveyance did not raise the implication, as matter of law, that he was her agent, and did not disqualify him as a witness on the trial of a suit defended by her, in which the administrators of the deceased grantee in the deed were plaintiffs; it not otherwise appearing that he was her agent, or that he looked after the transaction on her behalf, or that he had a legal or pecuniary interest in the result of the suit.
2. Where the statement of consideration in a deed was merely by way of recital, and was not referred to in such a way as to make it a term or condition of the contract, the actual consideration could be shown by parol evidence, and the trial judge could so instruct the jury.
3. An inaccurate instruction as to the burden of proof on the plaintiffs did not require a new trial, in view of the evidence and of further instruction in the same connection.
4. The grounds of exception taken to a further instruction as to the burden on the defendant of proving that the deed under which the plaintiffs claimed was made to secure a debt, and that the debt had been paid, etc., were not meritorious.
5. The evidence authorized the verdict.

No. 5254. MAY 15, 1926.

Complaint for land. Before Judge Sheppard. Tattnall superior court. December 3, 1925.

*W. T. Burkhalter,* for plaintiffs. *C. L. Cowart,* for defendant.

HINES, J. On October 31, 1912, Mrs. L. A. Sikes, by her warranty deed, absolute in form, for the alleged consideration of $1200, conveyed to N. Sikes a certain described tract of land. The grantor remained in possession of the land. ·On April 6, 1921, the grantee was adjudged insane, and a guardian was appointed for his estate. The guardian brought ejectment against the grantor, to recover this land. In defense of this action the defendant set up that her deed to N. Sikes, although absolute in form, was given to secure a debt due by her to the grantee, and a debt of one hundred dollars due by her husband to the grantee. · The total of this indebtedness amounted to $515. The grantor further set up that the debt to the grantee had been paid in full; and for this

reason she prayed for the cancellation of her deed. The grantee died, and his administrators were made parties plaintiff in the place of the guardian. The case proceeded to trial, and resulted in a verdict for the defendant. The plaintiffs moved for a new trial, which the trial judge overruled, and to this judgment the plaintiffs excepted.

1. In the 4th ground of the amendment to their motion for new trial the plaintiffs complain that the court below erred in permitting D. C. Sikes, the husband of the defendant, to testify, over their objection, as follows: "I can swear of my own knowledge that my wife didn't get $1200 for this deed. I can swear that, because I know better. As to how I know it, how does people know anything? I know it of my own knowledge, because I was looking after the whole transaction of it; all the papers were drawn up and everything, and I was there present." Under the Civil Code (1910), § 5858, par. 1, in an action of ejectment, the opposite party to the deceased grantee of a deed is incompetent to testify in her own behalf to conversations and transactions with such deceased person affecting adversely the title conveyed by the deed; and under par. 5 of said section the agent of such party is likewise incompetent. *Hendrick* v. *Daniel,* 119 *Ga.* 358 (46 S. E. 438). But ordinarily, in a suit to which a deceased person is a party plaintiff, and which is defended by a wife, it is competent for the husband to testify in regard to transactions between the wife and the deceased. Mere personal interest, such as that entertained by a husband toward his wife, does not disqualify a husband as a witness for his wife; but it is only where it appears from the evidence that the husband has a legal or pecuniary interest in the result of the suit, or that he was acting as the agent of his wife, that he is an incompetent witness. *Kitchens* v. *Pool,* 146 *Ga.* 229 (91 S. E. 81); *Holbrooks* v. *Holbrooks,* 155 *Ga.* 363 (116 S. E. 786). The husband does not expressly testify that he was the agent of his wife, and does not testify expressly to any conversations and transactions between the deceased and himself as agent for his wife; and while agency may be established by proof of circumstances, apparent relations, and the conduct of the parties (*Cable Co.* v. *Walker,* 127 *Ga.* 65, 56 S. E. 108), we can not say as a matter of law, from the fact that the husband was present, looking after the whole transaction, and when all the

papers were drawn and during the entire transaction, that he was shown by implication to be the agent of his wife, it not appearing that he was looking after the whole transaction for and in behalf of his wife, and it further appearing that the wife was present during the entire transaction and acting in her own behalf. At most, it would be a question of fact for the jury to say whether or not under these facts he was acting as agent for his wife.

2. The court charged the jury as follows: "Now, where deeds are given expressing considerations, and the grantor left in the possession of the property, he may attack the consideration. They may ·show it to be one consideration or another; in other words, under the circumstances of that character the consideration of the deed may always be inquired into, and it may be shown to have been an entirely different consideration, and it may be shown, if it expresses a money consideration of a certain amount, it can be shown to be a money consideration of less amount, or a greater amount, as the case may be; or if it expresses it as being a straight-out deed, it could be shown to be a deed to secure debt. So that fact, then, in the consideration of the deed as expressed at so many dollars and that the deed on its face purports to be a straight-out warranty deed, under the circumstances of the nature of which I have just called your attention, that deed may be shown to be for a consideration less than expressed in the deed. So that those things are not binding so far as the question of the consideration is concerned." Upon this charge the plaintiffs assign error on the grounds, (a) that the consideration of this deed could not have been shown to be one entirely different in character and amount from that expressed in the deed; and (b) that when the defendant in her answer and evidence admitted that the deed was given to secure a debt, and failed to produce any writing other than the deed showing the true consideration thereof, it did not lie in her mouth to contradict the consideration expressed in the deed. The consideration of a deed may be always inquired into when the principles of justice require it. Civil Code (1910), § 4179. "Recitals in deeds, except payment of purchase-money, as against the grantor" and his privies, generally work an estoppel.· Civil Code (1910), § 5736. Ordinarily, where the statement in a deed as to its consideration is merely by way of recital, the actual consideration of the deed is subject to explanation; but if

the consideration is referred to in the deed in such a way as to make it one of the terms or conditions of the contract, it can not be varied by parol. *Coldwell Co.* v. *Cowart*, 138 *Ga.* 233, 236 (75 S. E. 425). The statement in the deed under consideration is merely by way of recital, and the consideration is not referred to in the deed in such a way as to make it one of the terms or conditions of the contract. It follows, therefore, that the actual consideration of the deed could be shown by parol, and that the court did not err in the charge above given.

3. The court instructed the jury "that the burden of proof was on the plaintiff generally to establish all the necessary allegations in his petition to authorize him to recover; in other words, he must show that he is the owner of the land and entitled to recover the possession thereof, and that the land is worth so much per year as rental value, and that he is entitled to the recovery of the premises and that the rental value is so much. Now he must show that by a preponderance of the evidence; and by a preponderance of the evidence is meant that superior weight of evidence, which, while not wholly sufficient to free the mind from a reasonable doubt, is yet sufficient to incline the mind of the impartial juror to one side of the issue rather than to the other." The plaintiffs excepted to this charge, on the grounds, (a) that this instruction required the plaintiffs to prove the execution and delivery of the deed under which they claim, when these facts were admitted by the defendant in her pleadings and evidence, and the court should have instructed the jury that it was not necessary for these facts to be proved by the plaintiffs; and (b) that the court, in connection with the above instruction, charged the jury that "In other words he [plaintiff] must show that he is the owner of the land and entitled to recover the possession thereof, and that the land is worth so much per year as rental value, and that he is entitled to the recovery of the premises, and that the rental value is so much. Now he must show that by the preponderance of the evidence," which was erroneous, because it made it necessary for the plaintiff to show by the preponderance of the evidence that he was the owner of the land, when that fact was admitted; and because it failed to leave it to the jury to settle the rental value of the land from the evidence introduced. While this instruction

was not accurate, in that it placed upon the plaintiffs the burden of showing title to the premises in dispute in their intestate, when this was unnecessary in view of the admission, by defendant in her answer, of the execution and delivery of the deed under which their intestate claimed, this inaccurate instruction does not require the grant of a new trial, in view of the fact that the plaintiffs introduced the original deed under which their intestate claimed title to the premises, and in view of the further instructions of the court to the jury, wherein they were told that the issues to be tried were, (1) whether the deed from the defendant to the intestate of the plaintiffs was an absolute deed, or one made to secure debt; (2) if they found that this deed was made to secure debt, what amount, if any, was still due by the defendant upon the indebtedness thus secured; and (3) that the burden of showing that the deed from the defendant to the intestate of the plaintiffs was a security deed, and, if they found that the instrument was a security deed, then the further burden was on the defendant to show that the debt thereby secured had been paid.

4.　The court instructed the jury as follows: "Now, as I said a while ago, the same burden in establishing the question of the fact that the deed is not a straight deed, but a deed to secure a debt, the same burden is upon the defendant in this case to establish that it isn't a straight-out sale but a deed to secure a debt, and also that debt has been paid, and the defendant must carry that burden by the same preponderance of the evidence." On this instruction the plaintiffs assign error upon the grounds that if the jury did not believe the evidence of the defendant, still they were compelled to find for the defendant, because of the erroneous charge complained of in the paragraph next above; and that this charge, in the light of the previous charge, made it necessary for the defendant to fix her liability to the plaintiffs by the testimony of her own witnesses, and if the jury did not believe her witnesses, plaintiffs would not be entitled to recover, and if the jury did believe the testimony of her witnesses, plaintiffs could not recover. These grounds of exception to this instruction are without merit. The court in effect instructed the jury that the burden was upon the defendant to show that the deed under which the plaintiffs claimed was a security deed, and to further show that the debt secured

thereby had been paid, and that upon her failure to show these two facts the plaintiffs would be entitled to recover.

5. The verdict was authorized by the evidence.

*Judgment affirmed. All the Justices concur.*