SAWYER *v.* FOREMOST DAIRY PRODUCTS INC. *et al.*

No. 9182.   APRIL 14, 1933.

*Hall, Grice & Bloch* and *Ellsworth Hall Jr.,* for plaintiff.

*Jones, Johnston, Russell & Sparks,* for defendant.

RUSSELL, C. J. (After stating the foregoing facts.) In view of what we shall hereafter say, the rulings on the evidence were not of sufficient importance, even if the court erred, to warrant a reversal. However, under the ruling of this court in *Smith* v. *Odom,* 63 *Ga.* 499, we find no error in the rulings of the court as to the evidence. It seems to be well settled that whether fixtures have become attached to the realty as a part thereof, and not merely for incidental, transitory use, depends upon the intention of the parties vested with the ownership or use thereof. It is a familiar rule that the effect of placing machinery as a permanent and essential part of a building, to be used only as an integral portion of a unified manufacturing plant, is determined by the intention of the person making what is called the "annexation." But this would not deprive a subsequent owner, if in disposing of his property he desired to sell the machinery without the real estate, or to convey the real estate (reserving to himself the right to remove the machinery), from doing either. The right to do either would be absolute if his ownership of both was complete and unrestricted.

The judgment of which complaint is made is quoted in the statement preceding. We are of the opinion that the court very prudently safeguarded the rights of both parties, and properly held the machinery, the ownership of which is in dispute, in statu quo until the trial of the case by jury. The evidence upon the hearing is conflicting in some material particulars; but this is not all. It is plain from the testimony that the intention of the parties as to whether the machinery should be treated as attached to the realty, or as personalty, is not a matter for the court, but is subject to determination by a jury under proper instructions. The real controlling issues in this case are: (1) whether the machinery involved (or some portion thereof) is so attached to the building as to have become integrated in the building; (2) did Roberts in selling the property separate the machinery from the building—this being personalty which could be detached without physical injury to the freehold?

In *Smith* v. *Odom,* supra, it was held: "Prima facie the running-gear of a gin, in position for use and attached to the gin-house, is a fixture and passes with the land. The gin proper is personalty, and does not pass without express agreement or something equivalent. The same is true of the band. But to treat all these things as fixtures, or on the other hand as personalty, is not inconsistent with an absolute deed conveying the land and appurtenances, if the true intention of the parties can be obtained from the res gestæ of the contract. Where there is doubt or uncertainty, the jury, and not the court, should determine the question of intention." In the opinion Judge Bleckley construed the Code § 2218 (Code of 1910, § 3617), reading as follows: "Realty or real estate includes all lands and the buildings thereon, and all things permanently attached to either, or any interest issuing out of or dependent thereon. The right of the owner of lands extends downwards and upwards indefinitely." He said: "The section of the Code above recited declares that all things permanently attached to either land or buildings are realty. And the next section [§ 3621] adds: 'Anything intended to remain permanently in its place, though not actually attached to the land, such as a rail-fence, is a part of the realty, and passes with it. Machinery not actually attached, but movable at pleasure, is not a part of the realty.' Applying these provisions to the running-gear of a cotton-gin, in position for use and attached to the gin-house, there is, we think, a presumption that the attachment is permanent, and therefore this species of property is prima facie realty, and passes with the land. On the other hand, the gin itself and the band used to connect it with the running-gear are personalty, and will not pass with the land without express agreement or something equivalent. But the whole establishment for ginning may be treated by the parties as realty if such is their mutual intention, and in that event a conveyance of the land and appurtenances would pass the whole. So they can, if they please, deal with the running-gear, as well as with the gin and band, as personalty, and effect may be given to their true intention if it can be ascertained from the res gestæ of the contract. While the law classifies such articles as these, it at the same time recognizes their ambiguous or variable character, and permits the parties to class them differently in different instances. The element of intention enters into the question of

permanency, whether of attachment or placing, and the intention is open to investigation by parol evidence. We hold that such evidence respecting the real contract touching the running-gear, the gin and the band, was not inconsistent with the deed in the present case. The parties had been tenants in common. But the question of intention was for decision by the jury, and not by the court. The court should have instructed the jury what the several articles were, prima facie, leaving it to the jury to say whether, from the parol evidence, the parties had a mutual intention to treat them differently, and contracted accordingly."

Furthermore, the consideration of a deed is always a legitimate subject of inquiry (Civil Code, § 4179), and the true consideration may be proved by parol evidence. *Thrower* v. *Baker,* 144 *Ga.* 372 (87 S. E. 301) ; *Horton* v. *Stone,* 158 *Ga.* 499 (2) (123 S. E. 862) ; *Sikes* v. *Sikes,* 162 *Ga.* 302 (2) (133 S. E. 239). In Anglo American Mill Co. *v.* Dingler, 8 Fed. (2d) 493 (5), it was held : "Under Civ. Code Ga. 1910, § 3621, providing that 'machinery, not actually attached, but movable at pleasure, is not a part of the realty,' heavy mill machinery not attached to the building, but held in place by its own weight, held not to pass under a mortgage of the realty and appurtenances, which did not mention the machinery." The rules of law stated in §§ 3617 and 3621 are, it is true, clear and plain; but in a case where, as in the present instance, some of the machinery is shown not to be attached to the building other than by wires and pipes by which power is applied, others are not attached in any way to the building, and still others are attached, a case can hardly be imagined which would more peculiarly call for reference to a jury than the case at bar. We can not concur in the opinion expressed by learned counsel for plaintiff in error, that the grant of an interlocutory injunction was demanded as a matter of law upon the evidence introduced. To reach such a conclusion we would have to assume that in all instances a deed to the land (which includes a building) carried with it any machinery contained in the building, and that one who, as did the plaintiff in this case, went and looked through the window and saw machinery inside, would have the right to assume that this machinery would follow the title to the land. The law does not so declare. As to machinery attached to the building, there might be a presumption that such is the case; but this would be subject to rebuttal, depend-

ent upon not only the evidence that might be adduced as to the use originally intended in the annexation, but also such evidence as might be introduced to show a change of intention on the part of subsequent owners of the property. Nor is there any presumption, as argued by counsel for the plaintiff, that it is utterly unreasonable to assume that any man would give $20,000 for the security deed in this instance, unless the machinery was included in that instrument. As to this we express no opinion, except that it appears from the record that the machinery does not exceed $8,000 in value, and this is uncontradicted. The only testimony as to the value of the property which it is conceded is covered by the security deed is that of C. E. Roberts, the grantee in the deed, who testified: "The land, the building, the cooling-tower in connection with the refrigeration-room and the overhead hangings, without the machinery, I consider would be worth $20,000."

We find no error in the rulings on evidence, or in the refusal of an injunction, as qualified by the court so as to preserve the res in statu quo until the jury shall perform their function of ascertaining the facts, to which the court will apply the well-settled rules of law.

*Judgment affirmed.* *All the Justices concur.*