37423, 37428. ALEXANDER *v.* SKANDALAKIS (two cases).

DECIDED DECEMBER 5, 1958.

*Rache Bell,* for plaintiff in error.

*Sidney I. Rose, Frank P. Lappas,* contra.

CARLISLE, Judge. John P. Skandalakis sued Charles A. Alexander for $2,000 allegedly due on a contract entered into between them by the terms of which the plaintiff sold and the defendant purchased a certain business enterprise. Under the terms of the contract sued on, the plaintiff conveyed all of his title, interest, equity, good will, stock, merchandise, leasehold interest, and other property in said business, to the defendant for a consideration of $22,655, of which $2,000 was to be paid in cash to the plaintiff and $5,000 was to be payable at $200 per month, and was to be represented by a series of 25 notes. The balance of the purchase price ($15,655), which represented money owed to various persons listed in a schedule attached to the contract was to be paid by the defendant to various creditors of the plaintiff listed in the contract, the defendant agreeing in the contract to assume those obligations.

John E. Skandalakis sued Alexander on a note in the amount of $5,000 alleged to have been executed by the defendant to John P. Skandalakis and assigned by him to John E. Skandalakis, the note thus sued on being dated July 19, 1957 (the same date as the contract sued on by John P. Skandalakis), and recited that, "As per agreement after date I promise to pay to the order of John P. Skandalakis . . . five thousand and no/100 dollars."

The cases were tried together in the Civil Court of DeKalb County before a judge sitting without a jury, and after hearing evidence the judge entered judgment for the plaintiff in both cases. The defendant made a motion for new trial on the general grounds in each case which the court denied, and the exception here is to those judgments.

The chief contention of the plaintiff in error is that the evidence shows that the entire transaction was contingent upon the agreement of the various creditors shown in the schedule to accept him as their debtor in lieu of the seller (the plaintiff, John P. Skandalakis), and to continue to accept payments on their respective indebtednesses from him in the same manner in which they had been allowing the seller to pay them, and that this agreement on the part of the creditors was a condition precedent to the consummation of the contract. This contention is not meritorious. The contract provides merely that these indebtednesses were to be assumed by the defendant. There is no key contained in the contract from which it can be ascertained what terms were attached to the obligations, and when read in their context the words "to be assumed" as contained in the contract meant simply that the defendant would pay the obligations listed therein for the plaintiff and would hold the plaintiff harmless in so far as any claims on the part of these listed creditors. There is nothing in the contract to indicate that it was the intention of these parties that these obligations were to be paid in any manner other than in cash at the time of the consummation of the contract. Under these circumstances, the testimony before the trial judge who was sitting as judge and jury cannot be effective to vary the unambiguous terms of the contract. Code § 20-704 (1). See *Horton* v. *Stone*, 158 *Ga.* 499 (123 S. E. 862).

The fact that one of the listed creditors refused to accept payment on the indebtedness to him except in cash or would accept time payments only upon the giving by the defendant of security to him, and the further fact that said creditor sought to assert rights against the defendant under a security instrument executed by the plaintiff, which rights the creditor could not legally have asserted under such instrument, did not constitute a defense which the defendant could invoke in the suit on the contract seeking to compel his performance in accordance with its terms.

The evidence shows that the defendant was to assume $15,655 of the plaintiff's indebtednesses. The creditors to whom these obligations were due were listed in the contract. The mere fact that one of these creditors held a security instrument against the plaintiff which was undisclosed, but which would have been discharged by the proper and timely payment of the obligations assumed by the defendant did not constitute a fraud on the defendant such as to authorize him to refuse to perform the contract. Furthermore, under the evidence, the fact that the plaintiff had other outstanding obligations and indebtednesses which were not listed in the contract and which the defendant did not assume to pay did not constitute a fraud on the defendant such as would be a defense to the action on the contract.

While the defendant denied in his testimony that there had ever been a delivery of the business to him or that the plaintiff had ever turned the keys over to him, this testimony was controverted by the plaintiff and by the plaintiff's witnesses. The finding of the judge that there had been a delivery of the business and substantial performance by the plaintiff of his part of the contract was authorized by the evidence. The evidence showed the execution of the contract and of the note sued on, performance by the plaintiff under the contract and the failure and refusal of defendant to pay the sums due. Under the circumstances, the judgment of the trial court in favor of the plaintiffs was authorized by the evidence and the trial judge did not err in denying the motions for new trial on the general grounds.

*Judgments affirmed. Gardner, P. J., and Townsend, J., concur.*