## 29360. KIRKLAND v. MORRIS.

INGRAM, Justice.

Plaintiff appeals from the trial court's grant of a motion for summary judgment in favor of the defendant. Plaintiff contended that the parties entered into an oral agreement for the purchase by plaintiff of a mobile home from defendant and that defendant had breached the agreement. Defendant denied the sales agreement and contended he only agreed to rent the mobile home to plaintiff.

The trial court construed plaintiff's action as one for specific performance and determined the action was premature because, under the terms of the alleged agreement contended by plaintiff, the time for defendant to perform the agreement by transferring title to plaintiff would not occur until plaintiff had finished paying for the mobile home. The trial court also ruled that the mobile home was part of the realty and that plaintiff's action was

for specific performance of an oral agreement for the sale of realty. The trial court made no determination of the enforceability of the alleged agreement but the summary judgment granted to defendant denied the relief sought by plaintiff. The appeal from that judgment was directed to the Court of Appeals and that court transferred the case to this court.

Plaintiff's complaint contained the following specific prayer for relief: "that the plaintiff have a judgment awarding the above described trailer to the plaintiff subject to the plaintiff's obligation to pay the remaining balance thereon." Plaintiff argues that he merely sought to have the trial court "establish his right to live in the trailer and also that he does have an enforceable proprietary interest in the mobile home subject to his obligations under an agreement with the [defendant]." In effect, plaintiff contends that the relief which he sought and that was denied by the trial court was for a declaratory judgment. The distinctive characteristic of a declaratory judgment is that the declaration stands by itself and does not seek execution or performance by the defendant. Ordinary judgments, on the other hand, grant consequential or curative relief in some form. See *Clein v. Kaplan,* 201 Ga. 396, 403 (40 SE2d 133) (1946), and *Burgess v. Burgess,* 210 Ga. 380, 382 (80 SE2d 280) (1954).

In his prayer for specific relief plaintiff sought more than just a declaration of his rights under the alleged oral contract of sale. He sought a judgment awarding him the mobile home, a judgment which would establish his right of title to the mobile home. As the trial court ruled, plaintiff was actually seeking a form of executory relief which is granted in suits for specific performance. See Code Ann. § 81A-170. Consequently, we believe the trial court correctly construed the relief sought by plaintiff as a demand for specific performance.

The trial court ruled that since the relief sought by plaintiff was for specific performance the action was premature. Under the terms of the alleged oral agreement defendant would be obligated to transfer title to the mobile home to plaintiff when plaintiff makes his last payment. Plaintiff concedes that the time for this last payment has not yet arrived. Therefore, even if the

alleged oral contract of sale exists and is enforceable, defendant would not be obligated to transfer title at this time. A suit for specific performance is prematurely brought when the time for performance has not yet arrived. See *Kingsdale Apts.,Inc. v. Board of Lights &c. of Marietta,* 219 Ga. 49, 50 (131 SE2d 557) (1963), and cases cited therein. However, plaintiff contends that defendant's anticipatory breach of the alleged oral contract of sale enabled plaintiff to proceed immediately with a suit for specific performance. This contention is without merit.

Upon defendant notifying plaintiff that the defendant considered the alleged oral agreement to be a rental agreement rather than a contract of sale, the plaintiff had the option of two remedies: (1) to accept the defendant's statement as an anticipatory breach of the alleged oral contract of sale and sue for damages; or, (2) to treat the alleged oral contract of sale as remaining in force until the time set for performance, and then sue for specific performance. See *Gilleland v. Welch,* 199 Ga. 341 (2) (34 SE2d 517) (1945); and *Ehrlich v. Teague,* 209 Ga. 164 (2) (71 SE2d 232) (1952). An action for specific performance will not lie for an anticipatory breach under these circumstances. *Gilleland v. Welch,* supra (3).

The issue of whether the mobile home is part of the realty or is personalty would appear to be a jury issue. See *Sawyer v. Foremost Dairy Products,* 176 Ga. 854 (2) (177 SE 584) (1933), and Code §§ 85-105, 85-201. However, we do not reach this issue as the trial court correctly ruled that the specific performance relief sought by plaintiff is premature under the alleged agreement contended by plaintiff. We decide only this issue and affirm the trial court on it.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 1, 1974 — DECIDED FEBRUARY 4, 1975.

*Carlisle, Johnson & Newton, John R. Carlisle,* for appellant.

*Beck, Goddard, Owen & Murray, Richard L. Collier,* for appellee.