### Larry D. BROWN

v.

### UNITED STATES of America.

#### No. C79–2384A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 5, 1980.

V. C. Baker, Decatur, Ga., for plaintiff.

Barbara Harris, Atlanta, Ga., Lenore Distesano, Washington, D. C., for defendant.

### ORDER OF COURT

MOYE, District Judge.

This is a tax recovery suit presently before the Court on cross-motions for summary judgment. The undisputed material facts are brief and uncomplicated.

On March 10, 1977, the defendant filed a notice of tax lien in DeKalb County, Georgia, for taxes allegedly due the United States by Herman L. Steele Company. That company was a Georgia corporation having its principal office in DeKalb County.

At the time the notice was filed, Herman L. Steele Company owned the parking lot lighting systems at two shopping centers. It leased the lighting systems to the shopping centers in which the systems were respectively situated pursuant to leases which described the lighting systems as personal property. On February 1, 1979, plaintiff Larry Brown purchased from Herman L. Steele Company the lighting systems and the lessor's interests in the leases, pursuant to lease assignments which expressly conveyed to Brown the rights and responsibilities of Steele as set forth in the leases.

There is no evidence in the record controverting the fact that the lighting systems are forty feet in height and imbedded in pavement. Further, it would be difficult to remove the lights and to do so would damage the shopping center parking lots. Affidavit of Larry Brown ¶ 3.

The essential question raised by these cross-motions is whether the defendant filed its tax lien notice in such a way as to put plaintiff on effective notice of the lien. To be effective against subsequent purchasers, tax liens on personal property of a corporation must be filed in the county of the corporation's principal office. Ga.Code Ann. § 67–2601(b); 26 U.S.C. § 6323(a), (f). Tax liens on real property must be filed in the county where the real property lies. Ga.Code Ann. § 67–2601(a); 26 U.S.C. § 6323(a), (f). Here, the defendant filed the tax lien in DeKalb County as though the lighting systems were personalty rather than in Gwinnett County where the lighting systems are physically located.

The focus thus turns to whether the lights are realty or personalty. According to Ga.Code Ann. § 85–105,

> Any thing intended to remain permanently in its place, though not actually attached to the land, such as a rail fence, is a part of the realty and passes with it. Machinery, not actually attached, but movable at pleasure, is not a part of the realty. Any thing detached from the realty becomes personalty instantly on being so detached.

The Georgia version of the Uniform Commercial Code (UCC) provides further that "goods are 'fixtures' when they become so related to particular real estate that an interest in them arises under real estate law." Ga.Code Ann. § 109A–9–313(1)(a). This UCC provision apparently refers back to section 85–105 in the "property" title of the Georgia Code Annotated.

■. The defendant contends, citing numerous cases, that the agreements designating the lights as personalty are "controlling." The best analysis of the problem before the Court is provided by Judge Quillian in *Babson Credit Plan, Inc. v. Cordele Prod. Credit Assoc.*, 146 Ga.App. 266, 246 S.E.2d 1354 (1978). After quoting Code section 85–105, the court noted that the basic issue in determining whether an article of property is considered realty or personalty is whether it "can be removed without essential injury to the freehold, or the article itself...." *Id.* at 268, 246 S.E.2d 1354, quoting *Wade v. Johnston*, 25 Ga. 331, 336 (1858). In addition, the Court must consider the intent of the parties as shown by the contract, and where there is a question of intent, that question is for the trier of fact. 146 Ga.App. at 269, 246 S.E.2d 1354, citing, *Kirkland v. Morris*, 233 Ga. 597, 599, 212 S.E.2d 781 (1975); *Sawyer v. Foremost Dairy Products, Inc.*, 176 Ga. 854, 863, 169 S.E. 115 (1933).

■ In the instant case, where rights of third parties—here the government—are involved, one could logically argue that the intent of the contracting parties should be less significant. That argument seemingly is rejected by *Babson*, however. In that case, the court considered the intent of the debtor and creditor A to be significant even as between creditor A and creditor B.

The Court believes that the language used by the contracting parties is controlling as to the question of intent. At the time the lights were transferred from Herman L. Steele Company to the plaintiff, and at the time the notice of lien was filed, they were clearly personalty as between the seller and buyer. Thus, Brown was on notice to check the personalty records in DeKalb

County. In addition, Brown did not take the fundamental step of obtaining and recording a deed in Gwinnett County, thus further evidencing his recognition of the property as personalty as reflected in the leases and assignments.

Thus, the Court hereby GRANTS the government's motion for summary judgment and DENIES plaintiff's motion for summary judgment.