## S05A2020. BANDY v. ELMO.
### (626 SE2d 505)

HUNSTEIN, Presiding Justice.

During the course of appellant Susan Jane Bandy's administration of her mother's estate, the probate court encountered a conflict in the will that required construction of one of its provisions regarding the disposition of real property devised to appellee Joseph Elmo, who is appellant's stepfather. Pursuant to OCGA § 53-7-75, the probate court ordered the case removed to the Superior Court of Catoosa County. Three months after the removal, appellee filed an action for declaratory judgment in the superior court seeking construction of the same will provision that was the subject matter of the statutory removal proceeding.[1] Appellee expressly referenced the removal proceeding in his action. When appellant responded and filed in the superior court a petition that, although not entitled a counterclaim, used the same case number as appellee's declaratory judgment action and sought resolution of additional claims that would be affected by the declaratory judgment action, appellee filed an objection to appellant's action. In his objection appellee claimed, inter alia, that the superior court was limited to the will construction issue raised by the statutory removal proceeding and that "[i]f the Georgia Legislature had intended to allow new issues to be added to those for decision by a Superior Court upon removal, the Legislature would have expressly stated such." Thereafter the superior court entered an order in which it construed the contested will provision and ordered the case returned to the probate court. No other issues were addressed. Appellant then filed this direct appeal seeking review of the merits of the superior court's ruling.

"This Court has a duty to raise the question of its jurisdiction in all cases in which there may be any doubt regarding the existence of such jurisdiction. [Cit.]" *Canoeside Properties v. Livsey*, 277 Ga. 425, 426 (1) (589 SE2d 116) (2003). Parties are required to comply with the provisions of OCGA § 5-6-34 (b) in order to obtain review of non-final, interlocutory judgments. We need not address whether a party is entitled to a direct appeal from a declaratory judgment arising out of

---

[1] See in this regard *Brewton v. McLeod*, 216 Ga. 686 (119 SE2d 105) (1961).

a subject matter not otherwise subject to the discretionary application procedures, see *Miller v. Ga. Dept. of Pub. Safety*, 265 Ga. 62 (453 SE2d 725) (1995), because the record here establishes that the superior court's ruling was directed solely to the issue placed before it by the statutory removal proceeding under OCGA § 53-7-75. According to that statute, "[a]fter a final determination of the questions of construction, the probate court shall proceed with the accounting." Thus, after the superior court resolved the will construction issue, it returned the case to the probate court, where the administration of the estate remains pending. It follows that the superior court's order was not a final judgment from which appellant was entitled to take a direct appeal. Appellant having failed to comply with the interlocutory procedures in OCGA § 5-6-34 (b), this appeal is hereby dismissed.

*Appeal dismissed. All the Justices concur.*

DECIDED FEBRUARY 13, 2006.

*Smith, Shaw & Maddox, Mather D. Graham, Virginia B. Harman*, for appellant.
*Renzo Wiggins*, for appellee.