## S06A1426. GELFAND v. GELFAND.
(635 SE2d 770)

MELTON, Justice.

In this action regarding child support and contempt, Brenda Gelfand ("Wife") appeals, seeking reversal of the trial court's order denying her motion for declaratory relief under OCGA § 9-4-1. For the reasons set forth below, we dismiss.

Wife divorced Ross Gelfand ("Husband") in May 2001, and the trial court incorporated their settlement agreement into the divorce decree. In March 2005, Wife petitioned for upward modification of child support, and she asked the trial court to hold Husband in contempt for making unauthorized deductions in his support and alimony payments. In November 2005, Wife amended her complaint to add a request for a declaration as to the meaning of purportedly ambiguous provisions in the settlement agreement relating to the sale of a business and the division of marital assets. Following a hearing, the trial court entered an order finding the "sale of the business" language unambiguous and also ordered Husband to provide financial information relating to the child support request. The court did not resolve the issue of contempt or make a final resolution as to the modification request. We granted Wife's application for discretionary appeal to resolve whether the court's declaratory ruling is appealable as a final judgment where other issues remain pending.

Husband asserts that this Court does not have jurisdiction over this appeal because Wife's declaratory action below did not resolve all issues connected with the case. Wife relies on OCGA § 9-4-2 (a) for the proposition that the trial court's ruling denying her request for declaratory relief was a final, appealable order, because a declaratory judgment "shall have the force and effect of a final judgment or decree and be reviewable as such."

We need not address this issue, however, since Wife's request for declaratory relief was not truly an action for declaratory judgment. "The distinctive characteristic of a declaratory judgment is that the declaration stands by itself and does not seek execution or performance by the defendant." *Kirkland v. Morris*, 233 Ga. 597, 598 (212 SE2d 781) (1975). A party may seek to invoke a court's declaratory power to "relieve the petitioner from uncertainty and insecurity with respect to [her] rights, status, and legal relations." *Calvary Independent Baptist Church v. Rome*, 208 Ga. 312, 314 (3) (66 SE2d 726) (1951). Here, Wife filed her petition seeking guidance with respect to language in the settlement agreement in order to compel Husband to provide her with additional funds. In this regard, her action was not truly one for declaratory judgment. See *Kirkland*, supra, 233 Ga. at 598. Accordingly, as issues remain pending following the entry of the court's order here, Wife's appeal from such a non-final judgment is

subject to the interlocutory appeal procedures of OCGA § 5-6-34 (b). See *Bandy v. Elmo*, 280 Ga. 221 (626 SE2d 505) (2006). Inasmuch as the decision of the trial court was not a final appealable order and Wife did not secure a certificate of immediate review pursuant to OCGA § 5-6-34 (b), her appeal is hereby dismissed. Id.

*Appeal dismissed. All the Justices concur.*

DECIDED OCTOBER 2, 2006.

*Adam S. Jaffe, Lynley R. Rothstein*, for appellant.
*J. Stephen Clifford, David A. Webster*, for appellee.