**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 29, 2021**

# In the Court of Appeals of Georgia

A21A0513. IN RE ESTATE OF MARY ELESE REECE.

HODGES, Judge.

This case arises from the probate of the will of Mary Elese Reece. After Reece died, her will was admitted to probate in solemn form and, subsequently, a dispute arose in which some of the beneficiaries moved to remove the executor of Reece's estate (the "Estate"). Although the probate court did not remove the executor of the Estate, it also did not authorize some of the attorney fees related to this dispute to be paid by the Estate, and the Estate appeals. For the reasons that follow, we find that we do not have jurisdiction to hear this appeal, and thus we dismiss the case.

Our law is clear that "[t]his Court has a duty to raise the question of its jurisdiction in all cases in which there may be any doubt regarding the existence of such jurisdiction." (Citation and punctuation omitted.) *Bandy v. Elmo*, 280 Ga. 221

(626 SE2d 505) (2006). Here, the probate court entered an order to probate this will in solemn form. No party has ever sought to contest or appeal this order. Subsequently, a wholly unrelated dispute arose over whether the executor of the Estate should be removed, which resulted in the Estate filing an unsuccessful motion for summary judgment arguing against removal. Ultimately, the probate court did not remove the executor, but expressed concern over the fees paid to the Estate's attorney and ordered the Estate to be prepared to seek approval of those fees. The Estate moved to have the fees approved, and the probate court approved all fees except for those related to the unsuccessful motion for summary judgment. It is from this order which the Estate seeks to appeal.[1]

It is worth noting that the Estate cites no basis for this Court's jurisdiction in its brief. Indeed, it admits that it initially believed this to be an interlocutory order from which it did not seek a certificate of immediate review. The Estate does not specify how this order, which it initially deemed interlocutory, transformed into a

---

[1] In its brief, the Estate purports to appeal the denial of the motion for summary judgment. This enumeration is identified but never mentioned again in the brief, and thus it is abandoned. Court of Appeals Rule 25 (c) (2) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned.").

directly appealable order several months later, except to state that "it [is] apparent that the case could not move forward without action on the attorney fee issue."

"[T]he Georgia Code limits our jurisdiction to consider direct appeals to specific categories of judgments set forth in subsections (1) through (12) OCGA § 5-6-34 (a)." *Settendown Public Utility, LLC v. Waterscape Utility, LLC*, 324 Ga. App. 652, 653 (751 SE2d 463) (2013). Subsection (a) (1) of the statute provides that final judgments are directly appealable, which are defined as judgments where "the case is no longer pending in the court below," except for specified types of cases subject to discretionary appeal. OCGA § 5-6-34 (a) (1). The remainder of subsection (a) identifies particular types of orders which are also directly appealable, none of which concern disposition of a request for attorney fees in a probate matter.

"The policy of the Appellate Practice Act is against multiple appeals and piecemeal litigation." (Citation omitted.) *Mays v. Rancine-Kinchen*, 291 Ga. 283 (729 SE2d 321) (2012). Accordingly, "[a]ll other judgments of a trial court [not identified in subsection (a)] are considered interlocutory and are therefore subject to the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b)." *Settendown*, 324 Ga. App. at 653. Our law is clear that "[p]arties are required to comply with the provisions of OCGA § 5-6-34 (b) in order to obtain review of non-final, interlocutory

3

judgments." *Bandy*, 280 Ga. at 221. "As we have explained, the interlocutory appeal statute is not a run-of-the-mill procedural provision. It is a *jurisdictional* law by which the General Assembly has limited the authority of Georgia's appellate courts to hear certain cases." (Citation and punctuation omitted; emphasis in original.) *Eidson v. Croutch*, 337 Ga. App. 542, 543 (788 SE2d 129) (2016).

Here, the order from which the Estate attempts to appeal – an order resolving a motion to approve attorney fees in a probate matter – is not a directly appealable order. It is not a final order pursuant to OCGA § 5-6-34 (a) (1) because the administration of the Estate remains pending in the probate court following issuance of this discrete order.[2] See *Bandy*, 280 Ga. at 222 ("Thus, after the superior court resolved the will construction issue, it returned the case to the probate court, where the administration of the estate remains pending. It follows that the superior court's order was not a final judgment from which appellant was entitled to take a direct appeal."). Moreover, it is not one of the categories of orders specified in OCGA § 5-6-34 (a) (2) - (12). Consequently, the Estate was required to follow the interlocutory procedures of OCGA § 5-6-34 (b) to obtain review of this order, which it

---

[2] The Estate concedes as much due to its indication that the dispute over these fees is complicating administration of the Estate.

4

undisputedly did not do. Not only is this holding consistent with the statutory language which limits our jurisdiction, it is in keeping with the purposes of the Appellate Practice Act by preventing a multitude of appeals each time the probate court issues a ruling which one or more of the interested parties does not like. This Court does not have jurisdiction to review the interlocutory order at issue in this case, and accordingly it must be dismissed. See *Bandy*, 280 Ga. at 222.

*Appeal dismissed. Miller, P. J., and Pipkin, J., concur.*