## 71806. THE STATE v. STRAIN.
(341 SE2d 481)

BIRDSONG, Presiding Judge.

Charles K. Strain was charged with rape occurring on June 12, 1983. He was originally put before a jury on October 1-4, 1984. That trial jury being unable to agree on a verdict, a mistrial was granted. Strain again was tried before a jury for the same crime of rape on December 17-21, 1984, convicted as charged and sentenced to ten years, with five to serve. Strain moved for new trial, asserting some 15 enumerations of alleged trial error. The trial court concluded that five of those enumerations had merit and granted Strain a new trial on September 12, 1985. The state, on October 11, 1985, filed its notice of appeal pursuant to the provisions of OCGA § 5-5-50 relating to the standards for review by an appellate court of the first grant of a new trial.

Appellee-defendant Strain has moved this court to dismiss the state's appeal of the first grant of new trial on two grounds: (1) The grant of a motion for new trial is not one of the enumerated and thus

authorized appealable judgments by the state set forth in OCGA § 5-7-1; and (2) the appeal procedurally was incorrectly pursued as mandated by OCGA § 5-7-2.

Pretermitting whether the grant of a new trial is tantamount to and the same as an order, decision or judgment arresting judgment of conviction upon legal grounds (the one provision of OCGA § 5-7-1 possibly pertinent), the plain and clear language of OCGA § 5-7-2 compels the dismissal of this appeal.

The state brought its appeal to the grant of a new trial as to a final judgment, particularly as there is no granted certificate by the trial court for immediate review. Yet, OCGA § 5-7-2 plainly states that except in those criminal cases involving a motion for suppression of evidence, in any criminal case *appealable under this chapter* where the judgment in the case is not final, the state must cause the trial court to certify within ten days (in this case within ten days of September 12, 1985) of the order, that the matter is of such importance that an immediate review should be had.

Considering that the new trial of this case is still pending in the trial court, there is no final judgment; thus the state, by the provisions of OCGA § 5-7-2, was required to pursue the interlocutory procedure. The state having failed to do so, the attempted appeal is nugatory and does not activate the appellate jurisdiction of this court. Accordingly we must dismiss the state's appeal.

*Appeal dismissed. Banke, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 7, 1986 —
REHEARING DENIED FEBRUARY 19, 1986 — 

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellant.
*John J. Sullivan, Gilbert L. Stacy*, for appellee.