72051. DAYS INN OF AMERICA, INC. v. SHARKEY et al.
(344 SE2d 518)

CARLEY, Judge.

Appellees' motion to dismiss this appeal as being premature places in issue our appellate jurisdiction and must be addressed first in order to determine whether we have the authority to reach the merits of the case. However, a very brief summary of the underlying factual and procedural circumstances is necessary in order to place the jurisdictional issue in perspective: On April 1, 1983, Patrick Sharkey, the minor son of Thomas Sharkey, was injured on the premises of appellant when he was attacked by a leopard owned by Joe Savage. Subsequently, Patrick, by next friend, brought suit against Savage and appellant as a result of his injuries and Thomas Sharkey filed suit seeking recovery of medical expenses for the treatment of his son. The cases were consolidated for trial. In Patrick Sharkey's case, the jury found in favor of appellant but returned a verdict against Joe Savage for general and punitive damages. However, the jury returned a verdict in favor of the plaintiff in the father's suit against both Savage *and* appellant. Subsequent to the entry of judgment on the verdicts, Thomas and Patrick Sharkey filed a joint motion seeking a new trial in both cases. Appellant filed a motion for judgment notwithstanding the verdict in the case in which the jury returned a verdict against appellant in favor of Thomas Sharkey for medical expenses. The trial court granted the motion for new trial in both cases and denied appellant's motion for judgment notwithstanding the verdict. Appellant appealed "from the Order entered . . . on August 26, 1985." In this court, appellant enumerates not only the denial of his motion for judgment n.o.v. in the Thomas Sharkey case but also various other asserted errors in both cases.

If the denial of appellant's motion for judgment n.o.v. were the only post-judgment ruling of the trial court, the case would be no longer pending in the court below and appellant's appeal would be timely and proper under OCGA § 5-6-34 (a). However, the trial court's *grant* of a new trial as to both cases results in the continuing pendency of the cases in the lower court and prevents the order deny-

ing j.n.o.v. from becoming "final" for appeal purposes. *Moore v. Williams*, 163 Ga. App. 595 (295 SE2d 866) (1982); *Dorsey v. Hood*, 119 Ga. App. 237 (166 SE2d 635) (1969). See also *Deans v. Kingston Dev. Corp.*, 248 Ga. 557 (285 SE2d 11) (1981); *Chadwick v. Miller*, 165 Ga. App. 20 (299 SE2d 93) (1983). Appellant relies upon *General Motors Acceptance Corp. v. Bowen Motors*, 167 Ga. App. 463, 468 (306 SE2d 675) (1983), wherein this court held that "a denial of a judgment notwithstanding the verdict can be considered on appeal even though a motion for new trial has been granted, *if the appeal is taken from a final judgment and entered pursuant to OCGA § 9-11-54 (b)* [Cit.]" (Emphasis supplied.) However, in one significant aspect, the procedural scenario sub judice differs from that presented in *General Motors Acceptance Corp. v. Bowen Motors*, supra. In *Bowen Motors*, "[t]he trial court entered a final and appealable order under the provisions of OCGA § 9-11-54 (b)." *General Motors Acceptance Corp. v. Bowen Motors*, supra, 464. In the instant case, there is no § 54 (b) certification. Accordingly, appellant's appeal is premature and must be dismissed. See *Chadwick v. Miller*, 165 Ga. App., supra, 22. Compare *Chadwick v. Miller*, 169 Ga. App. 338, 339 (312 SE2d 835) (1983).

*Appeal dismissed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 9, 1986.

*Morton G. Forbes, Hermann W. Coolidge, Jr., Birney O. Bull*, for appellant.

*John B. Miller, Elise B. Ossen, John M. Tatum*, for appellees.