A97A1544. AMADO et al. v. CITY OF ATLANTA et al.
(492 SE2d 761)

RUFFIN, Judge.

Karen Amado and Joel Cogdell d/b/a Onyx Productions International sued the City of Atlanta ("the City"), the City Attorney, members of the City Council, and Forrest Johnson (collectively "the defendants") for alleged violations of the Georgia Racketeer Influenced & Corrupt Organizations Act (OCGA § 16-14-1 et seq.). The defendants moved the trial court to strike the complaint in its entirety pursuant to OCGA § 9-11-12 (f), and to order plaintiffs to redraft the complaint in compliance with OCGA § 9-11-8 (a) (2). The defendants also moved to disqualify plaintiffs' counsel on the ground that he is a material witness to certain events in dispute. The trial court granted the motions, and the plaintiffs directly appealed both orders.

The defendants moved this Court to dismiss the appeal on the ground that neither order was directly appealable. The defendants argue that because both orders were interlocutory, and plaintiffs failed to employ the interlocutory appeal procedure, the appeal must be dismissed. We agree.

Our Supreme Court and this Court have both held that orders disqualifying counsel are interlocutory, and that parties desiring to appeal such orders are required to follow the interlocutory appeal procedure. See *Cherry v. Coast House, Ltd.,* 257 Ga. 403, 404 (2) (359 SE2d 904) (1987); *Ewing Holding Corp. v. Egan-Stanley Investments,* 154 Ga. App. 493, 496 (1) (268 SE2d 733) (1980). We have also ruled that where a trial court grants a motion to strike, and the case remains pending in the trial court, the order is not directly appealable. See *Lunsford v. Fulton County,* 227 Ga. 547 (181 SE2d 865) (1971); see also *Mem. Med. Center v. Moore,* 184 Ga. App. 176 (361 SE2d 49) (1987); *Whatley v. Blue Cross &c.,* 165 Ga. App. 340, 341 (301 SE2d 60) (1983).

Because there is no certificate authorizing an appeal from these interlocutory orders, they are not appealable under the Appellate Practice Act, and the appeal must be dismissed. See *Lunsford,* supra; *Ewing Holding Corp.,* supra.

*Appeal dismissed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 10, 1997.

*Walter M. Henritze, Jr.*, for appellants.
*Long, Weinberg, Ansley & Wheeler, Kathryn S. Whitlock, Pamela C. Corley, Phears & Moldovan, H. Wayne Phears, Richard E. Harris*, for appellees.