### S07A1423. THE STATE v. WARE.
(653 SE2d 21)

CARLEY, Justice.

Appellee Melonie K. Ware was tried before a jury and found guilty of felony murder while in the commission of cruelty to a child. The trial court entered judgment of conviction and imposed a sentence of life imprisonment. Appellee filed a motion for new trial and,

---

after an evidentiary hearing, the trial court granted the motion on the ground of ineffective assistance of trial counsel.

The State filed a notice of appeal based on OCGA § 5-7-1 (a) (7), which was amended by the Criminal Justice Act of 2005 (Act) so as to provide that "[a]n appeal may be taken by and on behalf of the State of Georgia . . . in criminal cases . . . [f]rom an order, decision, or judgment of a superior court granting a motion for new trial . . . ." Ga. L. 2005, pp. 20, 22, § 3. This provision applies where, as here, the trial commenced on or after July 1, 2005. Ga. L. 2005, pp. 20, 29, § 17. However, the record does not include any certificate of immediate review, even though OCGA § 5-7-2 provides as follows:

> Other than from an order, decision, or judgment sustaining a motion to suppress evidence illegally seized, in any appeal under this chapter where the order, decision, or judgment is not final, it shall be necessary that the trial judge certify within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that an immediate review should be had.

OCGA §§ 5-7-1 and 5-7-2 must be strictly construed against the State. *Glenn v. State*, 271 Ga. 604 (1) (523 SE2d 13) (1999); *State v. Hollomon*, 132 Ga. App. 304, 306 (208 SE2d 167) (1974).

In applying OCGA § 5-7-2, we must determine whether the grant of a motion for new trial in a criminal case is "final." In civil cases, this Court has "plainly held that a judgment granting a new trial is not a final judgment, and because it is not a final judgment, an interlocutory appeal cannot be prosecuted unless the trial judge grants a certificate for immediate review. [Cits.]" *Henderson v. Henderson*, 231 Ga. 208 (200 SE2d 867) (1973). The grant of a motion for new trial in a civil case is not "final" for appeal purposes because it results in the continuing pendency of the case in the lower court. *Days Inn of America v. Sharkey*, 178 Ga. App. 718 (344 SE2d 518) (1986). For the same reason, the grant of a new trial in favor of a criminal defendant is not final. *State v. Strain*, 177 Ga. App. 874, 875 (341 SE2d 481) (1986).

In *Strain*, the Court of Appeals decided precisely the same jurisdictional issue presented here. Compare *State v. McMillon*, 283 Ga. App. 671 (642 SE2d 343) (2007) (not addressing compliance with OCGA § 5-7-2 or even citing that statute). The State in *Strain* proceeded under the theory that the grant of a new trial was tantamount to an order arresting a judgment of conviction. Pretermitting that question, the Court of Appeals held that OCGA § 5-7-2 plainly requires a certificate of immediate review in any criminal case where the State appeals from a non-final order, decision, or judgment,

except for those cases which involve a motion for suppression of evidence. Thus, the State was required to obtain a certificate of immediate review in order to appeal from the grant of a new trial.

The State relies in part on the Act's statement of intent. "[I]n attempting to ascertain legislative intent of a doubtful statute, a court may look to the caption of the act [cit.] and its legislative history. [Cit.]" *Sikes v. State*, 268 Ga. 19, 21 (2) (485 SE2d 206) (1997). However, it is fundamental that the preamble or caption of an act is no part thereof and cannot control the plain meaning of the body of the act. *Bentley v. State Bd. of Medical Examiners*, 152 Ga. 836, 838-839 (2) (111 SE 379) (1922); *Chambers Lumber Co. v. Martin*, 112 Ga. App. 826 (146 SE2d 529) (1965). The State argues that the preamble of the Act refers to its right to appeal from both the grant of a new trial and the denial of a motion to recuse, yet specifically refers to an interlocutory appeal only with respect to the denial of a defendant's motion to recuse. Ga. L. 2005, pp. 20-21. However, this difference is no doubt a result of the separate and distinct statutory scheme for appeals by the State in criminal cases. The general statute governing interlocutory appeals is applicable whenever the defendant seeks review of an interlocutory order. OCGA § 5-6-34 (b) (amended by Ga. L. 2005, pp. 20, 21, § 2). However, appeals from the grant of a new trial in favor of a criminal defendant and from the denial of the State's motion to recuse are governed by OCGA § 5-7-1 et seq. Prior to the 2005 amendment to OCGA § 5-7-1, those orders, unlike the denial of a defendant's motion to recuse, were not subject to any appeal, whether interlocutory or direct. The Act plainly provides that an appeal may be taken by the State from the grant of a new trial or the denial of a motion to recuse, but just as clearly refrains from adding any new exception whatsoever to the requirement for a certificate of immediate review in OCGA § 5-7-2.

The State having failed to obtain a certificate of immediate review pursuant to OCGA § 5-7-2, "the attempted appeal is nugatory and does not activate the appellate jurisdiction of this [C]ourt. Accordingly we must dismiss the [S]tate's appeal." *State v. Strain*, supra.

*Appeal dismissed. All the Justices concur.*

DECIDED NOVEMBER 5, 2007.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellant.

*Peters, Roberts, Borsuk & Rubin, Douglas N. Peters, Virginia W. Tinkler*, for appellee.