FINAL COPY
294 Ga. 435

S13F1749. SAPP v. SAPP.

BLACKWELL, Justice.

We granted the application of Mary Brown Sapp for a discretionary appeal from a divorce decree that required Sapp and her former husband to sell their marital home. But upon further review, it appears that the decree was not final.[1] Although it directed the sale of the marital home, the decree also provided that, if Sapp and her former husband did not agree on a listing price — and there is no dispute that they never agreed — the court would set a price at a later date. When a divorce is granted by a decree that reserves an issue to be determined later, the decree is interlocutory, not final. See Miller v. Miller, 288 Ga. 274, 282 (4) (705 SE2d 839) (2010); see also Miller v. Miller, 282 Ga. 164, 165 (646 SE2d 469) (2007). Because the decree was interlocutory, Sapp was required to bring her appeal pursuant to OCGA § 5-6-34 (b), which requires, among other things, a certificate of immediate review. Because Sapp failed to comply with OCGA § 5-6-34 (b), we dismiss her appeal. See Stevens v. State, 292 Ga. 218

---

[1] When we granted the application, we directed the parties to brief whether the decree was final.

(734 SE2d 743) (2012); Gelfand v. Gelfand, 281 Ga. 40, 41 (635 SE2d 770) (2006).

Appeal dismissed. All the Justices concur.

Decided January 21, 2014.

Domestic relations. Glynn Superior Court. Before Judge Kelley.

Holle Weiss-Friedman, for appellant.

Ferrier & Ferrier, Crystal R. Ferrier, for appellee.