In the Supreme Court of Georgia

Decided:   June 20, 2016

S16A0105.  ISLAMKHAN v. KHAN.

THOMPSON, Chief Justice.

In this divorce action, appellant Sharmeen Islamkhan ("wife") filed an application for discretionary review of the denial of her motion to vacate void judgment in which she asked the trial court to vacate its order modifying certain provisions of the parties' final divorce decree.  Wife argued that, prior to entry of the modification order, appellee Shoeb Khan ("husband") filed a notice of appeal of the final divorce decree which acted as supersedeas and deprived the trial court of jurisdiction to modify the appealed order.  We granted wife's application for appeal and asked the parties to address a series of questions related to the issue of whether supersedeas had attached.  For the reasons which follow, we find that the divorce decree entered by the trial court was not a final judgment and, as a result, husband's failure to follow the procedures set forth in OCGA § 5-6-34 (b) for obtaining interlocutory review rendered his notice of

appeal nugatory. Accordingly, we affirm the trial court's denial of wife's motion to vacate.

The record shows that at the time wife filed her complaint for divorce, the parties had been married 29 years and had three children, one of whom was still a minor. Husband filed both an answer and a counterclaim, and the parties conducted discovery. The trial court entered an order titled "Final Order of Divorce" on March 5, 2014, which granted a final divorce but specifically reserved for determination the issue of attorney fees. Thereafter, husband filed a notice of appeal in the trial court on March 25, 2014 seeking to appeal the March 5, 2014 order.[1] Upon obtaining new counsel, however, husband filed a motion for reconsideration of this order within the term of court in which it was entered.

After holding a hearing on husband's motion, the trial court entered a new order on September 10, 2014 nunc pro tunc to March 5, 2014, modifying the March 5, 2014 order to correct an error in valuation of one of the marital assets and to set a date certain upon which husband's obligation to share expenses of

---

[1] Although there is evidence in the record that an application to appeal also may have been filed on husband's behalf, husband does not agree that an application was filed and there is no record of such a filing in this Court's electronic docket.

the former marital residence would end.[2]   Wife moved the trial court for reconsideration of the September 10, 2014 order, but her motion was denied.

Wife, via new counsel, then filed a motion to vacate void judgment pursuant to OCGA § 9-12-16, arguing that because husband had filed a notice of appeal of the March 5, 2014 order prior to filing his motion for reconsideration, supersedeas had attached pursuant to OCGA § 5-6-46 and the trial court lacked jurisdiction to rule on husband's motion.[3]   As a result, wife claimed that the trial court's September 10, 2014 order, modifying the March 5, 2014 order, was void.   After voluntarily dismissing his notice of appeal, husband filed a response to the motion to vacate in which he asserted that the notice of appeal did not operate as supersedeas because he never paid the costs in the trial court as required by OCGA § 5-6-46. Without holding a hearing, the trial court denied wife's motion to vacate by order entered March 4, 2015, and wife timely filed her discretionary application for appeal in this Court.

---

[2] The trial court subsequently entered a separate order in this case on September 19, 2014 resolving the issue of attorney fees requested pursuant to OCGA §§ 19-6-2 and 9-15-14.

[3] OCGA § 9-12-16 provides:

The judgment of a court having no jurisdiction of the person or the subject matter or which is void for any other cause is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it.

3

In granting wife's application, this Court asked the parties to address several questions regarding when, and if, supersedeas attached as a result of husband's actions, including whether the March 5, 2014 order husband sought to appeal was a final judgment or an interlocutory order. Because we find the trial court's March 5, 2014 order was, in fact, interlocutory, we limit our analysis in this appeal accordingly.

1. In a divorce action, a decree which grants the parties a divorce but reserves an issue to be determined later is interlocutory. See Sapp v. Sapp, 294 Ga. 435, 435 (754 SE2d 79) (2014); Miller v. Miller, 288 Ga. 274, 282 (705 SE2d 839) (2010). In this case, both parties asked in their pleadings to be awarded reasonable attorney's fees. See OCGA § 19-6-2 (a) (1). Thus, despite being titled "Final Order of Divorce," the trial court's March 5, 2014 order, which specifically reserved resolution of the attorney fees issue for further order of the court, was not a final judgment but was, instead, an interlocutory order appealable only pursuant to the procedures set forth in OCGA § 5-6-34 (b).[4] See Sapp, 294 Ga. at 435. See also Sotter v. Stephens, 291 Ga. 79, 82 (727

---

[4] Although in its March 5, 2014 order the trial court instructs the parties to attempt to resolve the issue of attorney fees themselves, this request did not compromise the trial court's reservation of the issue. See generally Brochin v. Brochin, 277 Ga. 66, 67 (586 SE2d 316) (2003).

SE2d 484) (2012) (in determining whether a judgment is final for purposes of appeal, the trial court's designation of the judgment as "final" is not controlling).

2. Having determined that the March 5, 2014 order husband sought to appeal was interlocutory and otherwise not subject to direct appeal, we find that the issue presented with respect to whether husband's notice of appeal in this case acted as supersedeas is directly controlled by the plain language of OCGA § 5-6-34 (b).[5]   See Cherry v. Coast House, Ltd., 257 Ga. 403, 404 (359 SE2d 904) (1987).   It is a well-settled principle that the right to appeal is not constitutional, but instead depends on statutory authority.  See State v. Cash, 298 Ga. 90, 92 (779 SE2d 603) (2015).  Accord State v. Smith, 268 Ga. 75, 75

---

[5]  This statutory provision provides in pertinent part:

Where the trial judge in rendering an order, decision, or judgment, not otherwise subject to direct appeal . . . certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had, the Supreme Court or the Court of Appeals may thereupon, in their respective discretions, permit an appeal to be taken . . . if the application is made thereto within ten days after such certificate is granted. . . .The Supreme Court or the Court of Appeals shall issue an order granting or denying such an appeal within 45 days of the date on which the application was filed. *Within ten days after an order is issued granting the appeal, the applicant . . . may file a notice of appeal as provided in Code Section 5-6-37.  The notice of appeal shall act as a supersedeas as provided in code section 5-6-46 and the procedure thereafter shall be the same as in an appeal from a final judgment.*

OCGA § 5-6-34 (b) (emphasis supplied).

5

(485 SE2d 491) (1997). As this Court observed in Cherry, "when the order appealed from is an interlocutory order, the appellate court does not acquire jurisdiction unless the procedure of OCGA § 5-6-34 (b) for interlocutory appeal is followed."[6] Cherry, 257 Ga. at 404. See Lassiter Properties, Inc. v. Davidson Mineral Properties, Inc., 230 Ga. App. 216, 217 (495 SE2d 663) (1998); Amado v. City of Atlanta, 228 Ga. App. 791, 791 (492 SE2d 761) (1997). Accord American General Financial Services v. Jape, 291 Ga. 637, 644 (732 SE2d 746) (2012) (Nahmias, J., concurring specially) (noting that Georgia's "interlocutory appeal statute is . . . a jurisdictional law by which the General Assembly has limited the authority of Georgia's appellate courts to hear certain cases.").

The clear dictates of OCGA § 5-6-34 (b) require a party to obtain both a certificate of immediate review from the trial court and an order from the appropriate appellate court granting the appeal *prior* to a notice of appeal

---

[6] In enacting OCGA § 5-6-34 (b), the Georgia General Assembly empowered trial courts to certify whether the immediate review of any order, not otherwise appealable, should be allowed. See Scruggs v. Georgia Dept. of Human Resources, 261 Ga. 587, 588 (408 SE2d 103) (1991). The requirement that litigants obtain a certificate of immediate review in order to appeal an interlocutory order "is an essential component of a trial court's power to control litigation," and this Court will not review a trial court's exercise of discretion in granting or denying the issuance of such a certificate. Id. at 588-589. See Rivera v. Washington, __ Ga. __ (784 SE2d 775) (March 25, 2016) (observing with respect to the interlocutory appellate procedures, that "the General Assembly did not intend for parties to usurp the trial courts' authority to regulate litigation").

pursuant to OCGA § 5-6-37 being effective as supersedeas once the party pays the costs required by OCGA § 5-6-46. Here, husband failed to follow the required procedures for obtaining appellate review of the trial court's interlocutory March 5, 2014 order; thus, his attempted appeal was a nullity and incapable of activating the appellate jurisdiction of this Court. See Cherry, 257 Ga. at 404; State v. Strain, 177 Ga. App. 874, 875 (341 SE2d 481) (1986) (Where a party statutorily required to follow the appellate procedures set forth in OCGA § 5-6-34 (b) fails to do so, "the attempted appeal is nugatory and does not activate the appellate jurisdiction of this court."). See also Tolbert v. Toole, 296 Ga. 357, 361 (767 SE2d 24) (2014) (holding that the unauthorized filing of a notice of appeal had no legal effect and did not divest the trial court of jurisdiction). Compare Wannamaker v. Carr, 257 Ga. 634, 635 (362 SE2d 53) (1987) (recognizing that, in the context of a discretionary appeal, a prematurely filed notice of appeal ripens upon the appellate court's granting of the application for appeal). Because husband's filing of a notice of appeal without first complying with the requirements for obtaining interlocutory review had no legal effect, it did not deprive the trial court of jurisdiction to consider his motion for reconsideration of the March 5, 2014 order or from entering its

7

September 10, 2014 order modifying that order. See Cherry, 257 Ga. at 404.[7]

Accordingly, we affirm the trial court's denial of wife's motion to vacate void judgment.

Affirmed. All the Justices concur.

---

[7] Although an appellate court is the sole authority in determining whether a filed notice of appeal or discretionary application is sufficient to invoke its jurisdiction, see Hughes v. Sikes, 273 Ga. 804, 805 (546 SE2d 518 (2001), this Court is bound by the requirements of OCGA § 5-6-34 (b) such that absent a certificate of immediate review from the trial court and an order from the appellate court expressly granting permission to appeal, no appeal may be taken from an interlocutory order. See Gable v. State, 290 Ga. 81, 85 (720 SE2d 170) (2011) ("Georgia courts may excuse compliance with a statutory requirement for appeal only where necessary to avoid or remedy a constitutional violation concerning the appeal."). Accordingly, an attempt to appeal an interlocutory order without following the procedures statutorily mandated is ineffective in conferring jurisdiction on the appellate court to hear the appeal. To the extent the Court of Appeals opinion in Williams v. Natalie Townhouses of Inman Park Condominium Ass'n, Inc., 182 Ga. App. 815 (1) (357 SE2d 156) (1987) holds otherwise, or imposes a requirement that the trial court issue an order dismissing an unauthorized notice of appeal in order to prevent supersedeas from attaching, that decision hereby is overruled. Likewise, any subsequent rulings by the Court of Appeals based on its erroneous determinations in Williams are disavowed. See e.g., Styles v. State, 245 Ga. App. 90, 91 (537 SE2d 377) (2000) (citing Williams as the basis for overruling Kent v. Brown, 238 Ga. App. 607, 614 (518 SE2d 737) (1999)); Anaya v. Brooks Auto Parts, Inc., 208 Ga. App. 491, 493 (430 SE2d 825) (1993).

8