# Court of Appeals
# of the State of Georgia

ATLANTA,  June 08, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1832. CAROLYN WEST v. RITA WEST.**

Carolyn West ("West") filed suit against her former mother-in-law, Rita West, who filed a motion to dismiss. On March 10, 2020, the trial court granted in part and denied in part the motion to dismiss. Thirteen days later, West filed a "Motion for Reconsideration or, in the Alternative, Motion to Certify the Partial Dismissal of Plaintiff's Complaint for Interlocutory Appeal." On March 30, 2020, the trial court entered an "Order for Interlocutory Appeal" certifying its March 10 order for interlocutory appeal.[1] West then filed a notice of appeal on April 22, 2020. We lack jurisdiction.

A party's right to appeal is conferred by statute. See *Islamkhan v. Khan*, 299 Ga. 548, 550 (2) (787 SE2d 731) (2016). As our Supreme Court recently reiterated:

> [w]hen a trial court enters an order, decision, or judgment not otherwise subject to immediate appeal under OCGA § 5-6-34 (a), appeal from that order may be had only where the trial judge certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had. OCGA § 5-6-34 (b). Upon such certification, the Supreme Court or the Court of Appeals may

---

[1] The order stated "that such filings for appeal must be made to the Court of Appeals within thirty (30) days of the date this Order is filed with the Clerk of Superior Court." In fact, OCGA § 5-6-34 (b) requires that an application for interlocutory appeal be filed within 10 days of the issuance of a certificate of immediate review.

thereupon, in their respective discretions, permit an appeal to be taken
from the order, decision or judgment.

*Duke v. State*, 306 Ga. 171, 172 (1) (829 SE2d 348) (2019) (punctuation omitted).

In other words, to obtain interlocutory review, West was required to file an application with this Court seeking permission to appeal. Her failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.[2] See *Islamkhan*, 299 Ga. at 550 (2) ("'[w]hen the order appealed from is an interlocutory order, the appellate court does not acquire jurisdiction unless the procedure of OCGA § 5-6-34 (b) for interlocutory appeal is followed.'"); *Dempsey v. Bradley Center*, 139 Ga. App. 615, 615 (229 SE2d 104) (1976) (dismissing appeal where appellant filed notice of appeal after obtaining certificate of immediate review).



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,   06/08/2020*
       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] On March 14, 2020, the Supreme Court declared a judicial emergency, which tolls and grants relief from any filing deadline. This order was extended on April 6, 2020 and May 11, 2020. In light of these orders, West is not currently time-barred from filing an interlocutory application in this Court.