# Court of Appeals
# of the State of Georgia

ATLANTA, November 29, 2023

*The Court of Appeals hereby passes the following order:*

## A24D0136.  MIGUEL COSSIO v. SKYE COSSIO.

In February 2023, the trial court entered a judgment and decree of divorce in this action. Miguel Cossio filed a motion for reconsideration or, in the alternative, motion for new trial, which the trial court denied. Miguel thereafter filed this application for discretionary review of the trial court's judgment and decree of divorce.[1] Skye Cossio has filed a motion to dismiss Miguel's application on the ground that the case is still pending in the trial court.

"In a divorce action, a decree which grants the parties a divorce but reserves an issue to be determined later is interlocutory." *Islamkhan v. Khan*, 299 Ga. 548, 550 (1) (787 SE2d 731) (2016). In its February 2023 order, the trial court specifically reserved the issues of attorney fees, contempt, and sanctions, which left the case pending below. See id. at 550 (1); *Norrod v. Willingham*, 361 Ga. App. 1, 3 (2) (862 SE2d 577) (2021) ("there is no final judgment and a case remains pending in the trial court where that court has explicitly reserved issues related to costs and attorney fees for future judgment"). Thus, in order to appeal from the judgment and decree of divorce, Miguel was required to comply with the interlocutory appeal procedure and obtain a certificate of immediate review. OCGA § 5-6-34 (b); *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996) (explaining that the discretionary appeal statute

---

[1] See OCGA § 5-6-35 (d) (providing that an application shall be filed within 30 days of an order complained of, except when a motion for new trial has been filed, in which case the application may be filed within 30 days of the order finally disposing of the motion for new trial).

does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b)). Miguel's failure to follow the proper appellate procedure deprives us of jurisdiction to consider his application. Accordingly, Skye's motion to dismiss is hereby GRANTED and this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,   11/29/2023   *

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*
                                     *, Clerk.*