# Court of Appeals
# of the State of Georgia

ATLANTA,  February 06, 2024

*The Court of Appeals hereby passes the following order:*

**A24A0901. IN THE INTEREST OF N. O., et al., CHILDREN (FATHER).**

This appeal arises out of a dependency proceeding brought in January 2021 with respect to a group of nine siblings, all of whom are minors. Based on evidence discovered during the course of the dependency case, the mother and the biological father of the five youngest children ("the father") were arrested and charged with multiple counts of cruelty to children in the first degree. The parents were subsequently released on bond in the criminal case. Each parent's bond conditions required, inter alia, that the parent "have no contact with minor children except as allowed by the Division of Family and Children Services ["DFCS"]." Gwinnett County DFCS, in turn, prohibited both parents from having any contact with any of the nine children.

In October 2023, the Guardian Ad Litem ("GAL") for the children filed a petition for an emergency hearing, asserting that in late September, the parents had made a video call to the oldest child, N. O. Given that this contact with the child violated a condition set by DFCS and the parents' respective criminal bonds, the GAL sought a "no contact" order from the juvenile court. Following a hearing, the juvenile court entered an order barring the parents from having any contact with any of the nine minor children. The father then filed this direct appeal from the no contact order.[1] We lack jurisdiction.

---

[1] The mother, who is represented by separate counsel, is not a party to this appeal.

Direct appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" OCGA § 5-6-34 (a) (1). See also OCGA § 15-11-35 (providing for direct appeals from final juvenile court orders). Thus, "an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022)(punctuation omitted). Here, the order the father seeks to appeal is not a final order because the dependency case remains pending below, as does the legitimation petition the father filed with respect to the five youngest children. To obtain immediate review of the trial court's order, therefore, the father was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b), which include obtaining a certificate of immediate review from the trial court. See *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016). The father's failure to follow those procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta,___02/06/2024_____

    I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

    Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.