# Court of Appeals
# of the State of Georgia

ATLANTA, November 12, 2024

*The Court of Appeals hereby passes the following order:*

## A25A0671. MARY LONG v. SOPHIA LIGON et al.

Sophia Ligon sued Mary Long for breach of fiduciary duty and other claims. Long filed a motion to dismiss the complaint. The trial court denied the motion, but certified that the case was of such importance that immediate review should be had. Rather than file an application for interlocutory appeal, however, Long filed a notice of appeal in the trial court.[1] Ligon has filed an "Emergency Motion to Dismiss Interlocutory Appeal," arguing that we lack jurisdiction to consider the appeal. We agree with Ligon.

Under OCGA § 5-6-34 (a) (1), direct appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" See also *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) ("an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court") (punctuation omitted). Here, the case remains pending below. To obtain immediate review of the trial court's order, therefore, Long was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b), which include obtaining a certificate of immediate review from the trial court and then filing an application for interlocutory appeal in the appropriate

---

[1] Long appealed to the Supreme Court of Georgia, which transferred the matter here upon finding no basis for subject matter jurisdiction there. See Case No. S25A0202 (decided Oct. 22, 2024).

appellate court. See *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016). See also OCGA § 5-6-34 (b) (an interlocutory appeal may be granted if the trial court enters a certificate of immediate review within ten days and "application is made to [the Supreme Court or the Court of Appeals] within ten days after such certificate is granted").

Long did obtain a timely certificate of immediate review, but she did not file an application for interlocutory appeal in the appellate court. Her failure to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b) deprives us of jurisdiction over this direct appeal. See *Islamkhan*, 299 Ga. at 551 (2). Ligon's motion to dismiss is therefore GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 11/12/2024

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*