# Court of Appeals
# of the State of Georgia

ATLANTA,  January 06, 2025

*The Court of Appeals hereby passes the following order:*

**A25D0173. ANTIONETTE DUNHAM v. TJX COMPANIES, INC. et al.**

Antionette Dunham filed suit against TJX Companies, Inc., and other John Doe defendants, and the parties reached a settlement agreement after a jury panel had been summoned and voir dire had begun. On December 4, 2024, the trial court ordered the parties to pay costs associated with mustering the panel of potential jurors, and Dunham filed this application for discretionary appeal, seeking to appeal this ruling.[1] We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Here, although the trial court's order shows the parties agreed to settle their dispute, there is nothing in the application materials showing that the trial court made the settlement agreement the judgment of the court or that the case is otherwise final. And absent a final judgment, Dunham was required to follow the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal the order compelling payment of costs. See OCGA § 5-6-34 (b). Although Dunham filed an application for discretionary appeal, compliance with that procedure does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).

---

[1] Dunham also filed a notice of direct appeal from the same order.

Dunham's failure to comply with the interlocutory appeal procedure deprives us of jurisdiction over this application, which is hereby DISMISSED. See *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016) ("'[W]hen the order appealed from is an interlocutory order, the appellate court does not acquire jurisdiction unless the procedure of OCGA § 5-6-34 (b) for interlocutory appeal is followed.'").



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  01/06/2025

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*