# Court of Appeals
# of the State of Georgia

ATLANTA, <u> October 21, 2025 </u>

*The Court of Appeals hereby passes the following order:*

## A26I0043. THOMAS E. DIXON III, RAA RESTAURANT GROUP, INC., et al v. RONALD E. COLEMAN et al.

In this civil action, the superior court entered an order on August 28, 2025, denying the summary judgment motion filed by defendants Thomas E. Dixon III, RAA Restaurant Group, Inc., ATL Promotions Group, Inc., Culinary Consultants, Inc., Robert Alden Adams, Mark Skowronek, and Cheri Dixon ("defendants"). On September 10, 2025, the superior court certified its order for immediate review under OCGA § 5-6-34 (b). Defendants then filed this interlocutory application seeking review of the superior court's denial of their summary judgment motion. We, however, lack jurisdiction.

A party may seek interlocutory review only if the trial court "certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had." OCGA § 5-6-34 (b). A timely certificate of immediate review is a jurisdictional requirement. See *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016). If the certificate is not entered within the ten-day period, it is untimely, and the party seeking review generally must wait until final judgment to appeal. See OCGA § 5-6-34 (b); *Duke v. State*, 306 Ga. 171, 178 (3) (a) (829 SE2d 348) (2019). In this case, the superior court did not enter the certificate of immediate review until 13 days after entry of the order at issue and thus, the certificate was untimely.

Accordingly, this Court lacks jurisdiction and this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,   10/21/2025*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*