# Court of Appeals
# of the State of Georgia

ATLANTA,  October 27, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0538. MELANIE ANN WALSH v. JOHNNEY RAVI.

This appeal arises out of a garnishment action filed by Johnney Ravi against Automatic Data Processing, Inc. ("ADP") seeking to recover an approximately $54,000 judgment Ravi obtained against Melanie Ann Walsh. Ravi subsequently filed a traverse to ADP's answer, claiming that ADP was not paying into court monies withheld from Walsh's paychecks. The trial court granted the traverse and awarded Ravi judgment against ADP for $49,416.64. Claiming that it had  satisfied the judgment against it, ADP moved to dismiss the garnishment action.  On June 18, 2024, the trial court denied that motion, finding that "the underlying judgment against [Walsh] and the judgment against [ADP] . . . are two separate and distinct judgments." Walsh and ADP thereafter filed a joint motion for clarification and modification of the judgment. Specifically, ADP and Walsh asked the court to clarify whether ADP was required to continue administering the garnishment action, which they contended would allow Ravi to collect the same debt twice. On June 3, 2025, the trial court entered an order finding that the relevant garnishment statute did not prohibit Ravi from collecting on both the original judgment against Walsh and the judgment he obtained against ADP. Following entry of the trial court's order, Walsh filed this direct appeal. We lack jurisdiction.

Given that the garnishment action remains pending, it appears that the order at issue is not a final order within the meaning of OCGA § 5-6-34 (a) (1). See *Bryan Cave Leighton Paisner, LLP v. Gebo Law, LLC*, 374 Ga. App. 442, 442–43 (912 SE2d 346) (2025). Thus, to obtain immediate appellate review of this order, Walsh was

required to comply with the interlocutory appeal procedures — including securing a certificate of immediate review from the trial court. See OCGA § 5-6-34 (b); *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016).[1] Walsh's failure to follow those procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*   10/27/2025

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] Even if the order at issue could be construed as a final order, Walsh would not be entitled to a direct appeal. Instead, subject to exceptions not applicable here, appeals in cases involving garnishment must be initiated by an application for discretionary appeal. See OCGA § 5-6-35 (a) (4), (b); *Lamb v. First Union Brokerage Servs.*, 263 Ga. App. 733, 736 (1) (589 SE2d 300) (2003).