# Court of Appeals
# of the State of Georgia

ATLANTA,  December 08, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0806. STEVEN RONALD SCHIFFMAN v. U.S. BANK NATIONAL ASSOCIATION-TRUSTEE FOR RMAC PASS-THROUGH TRUST SERIES 2016-H**

Steven Ronald Schiffman sued U.S. Bank National Association-Trustee for RMAC Pass-Through Trust Series 2016-H ("the Bank") for wrongful foreclosure. On November 21, 2024, the trial court entered an order denying Schiffman's motion for default judgment and granting the Bank's motion to quash service. Schiffman then filed this direct appeal from the trial court's order. We lack jurisdiction.

Under OCGA § 5-6-34(a)(1), direct appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" See also *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) ("an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court") (punctuation omitted). Here, no final judgment has been entered and the case remains pending below. To obtain immediate review of the trial court's order, therefore, Schiffman was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34(b), which include obtaining a certificate of immediate review from the trial court. See *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016). Schiffman's failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this appeal. *In re Bruni*, 369 Ga. App. 488, 493 (8) (893 SE2d 862) (2023) ("The jurisdiction of an appellate court to consider an appeal depends upon whether the appeal is taken in

substantial compliance with the rules of appellate procedure prescribing the conditions under which the judgment of the trial court may be considered appealable.") (citation and punctuation omitted). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __12/08/2025__

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*