# Court of Appeals
# of the State of Georgia

ATLANTA,  December 08, 2025

*The Court of Appeals hereby passes the following order:*

## A26I0075. MAC PIZZA MANAGEMENT, INC. v. RISK & INSURANCE CONSULTANTS, INC., et al.

On October 20, 2025, the trial court granted defendant Applied Risk Solutions, LLC's motion for judgment on the pleadings as to the negligence and conspiracy claims asserted against it, and denied plaintiff MAC Pizza Management, Inc.'s motion for leave to file a third amended complaint in this insurance dispute. The trial court issued a certificate of immediate review on October 27, 2025.

An application for interlocutory appeal must be filed within ten days of the date on which a timely certificate of immediate review is entered. OCGA § 5-6-34(b); *Genter v. State*, 218 Ga. App. 311, 311 (460 SE2d 879) (1995); *Graves v. Dean*, 166 Ga. App. 186, 186 (303 SE2d 751) (1983). In this case, the tenth day fell on November 6, 2025. MAC attempted to file its application for interlocutory appeal on November 6, 2025, but it was returned due to MAC's failure to provide a certification of agreement for electronic service in accordance with Court of Appeals Rule 6(b)(2). MAC then re-filed its application on the eleventh day, November 7, 2025.

Also on November 7, MAC filed an "Emergency Motion for Extension of Time to File Application of Appeal," asking this Court to amend the date of its re-filed interlocutory application to November 6 or deem the filing to be timely.[1] This we

---

[1] MAC filed its motion pursuant to OCGA § 5-6-39 and Court of Appeals Rules 16(c) and 40(b). However, any request by MAC for an extension of time to file an application was untimely submitted after the deadline for filing its application. See OCGA § 5-6-39(d) ("Any application to any court, justice, or judge for an extension

cannot do. "Any document without a certificate of service or otherwise not in compliance with this rule shall not be accepted for filing." Court of Appeals Rule 6(d). MAC acknowledges its application did not comport with the rules. Thus, this Court properly returned its November 6 filing. And consequently, we cannot back-date MAC's interlocutory application or otherwise deem it to be timely. MAC's "Emergency Motion for Extension of Time to File Application of Appeal" is DENIED.

MAC's application filed on November 7 was untimely filed 11 days after the entry of the certificate of immediate review. The requirements of OCGA § 5-6-34(b) are jurisdictional, and if a party seeking interlocutory review does not comply with these requirements, the party must wait until final judgment to appeal. See *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016). Accordingly, this interlocutory application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  12/08/2025                    *

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order.") Moreover, "[n]o extension of time shall be granted to file an interlocutory application or a response thereto." Court of Appeals Rule 16(d).