# Court of Appeals
# of the State of Georgia

ATLANTA,  January 22, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1134. DORRIN TERENCE JOHNSON v. DANNA R. MOLLEDA et al.

On October 24, 2025, the trial court issued an order granting plaintiffs Danna R. Molleda and Angel's Advocate Home Care, LLC's motion for default judgment against defendants Dorrin Terence Johnson, CDJ Worldwide, LLC d/b/a Sanjika, and Johnson Millennium, LLC. The defendants were ordered to pay the plaintiffs "$230,631.54 plus punitive damages, costs, expenses, attorney[ ] fees, and pre-judgment interest in amount to be proven" at a future hearing on damages. Johnson then filed a notice of appeal. We lack jurisdiction.

As a general rule, a right of direct appeal lies from only a final judgment — that is, where the case is no longer pending below. See OCGA § 5-6-34(a)(1); *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) ("an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court") (punctuation omitted). Here, the issue of punitive damages has yet to be determined. Thus, no final judgment has been entered and the case remains pending below. To obtain immediate review of the trial court's order, therefore, Johnson was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34(b), which include obtaining a certificate of immediate review from the trial court. See *Islamkhan v. Khan*, 299 Ga. 548, 551(2) (787 SE2d 731) (2016). Johnson's failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this appeal. See *In re Bruni*, 369 Ga. App. 488, 493 (8) (893 SE2d 862) (2023) ("The jurisdiction of an appellate court to consider an appeal depends upon whether the

appeal is taken in substantial compliance with the rules of appellate procedure prescribing the conditions under which the judgment of the trial court may be considered appealable.") (citation and punctuation omitted). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*  01/22/2026

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*