# Court of Appeals
# of the State of Georgia

ATLANTA, <u>February 09, 2026</u>

*The Court of Appeals hereby passes the following order:*

## A26A1246. RONALD FULLER v. JAY DELAINO.

Following a vehicle collision, Ronald Fuller filed an action against Jay Delaino. Fuller served Progressive Premier Insurance Company of Illinois as his uninsured motorist coverage carrier. Progressive filed an answer and cross-claim against Delaino. Progressive ultimately notified the parties and the court of its withdrawal of its answer and cross-claim. Fuller filed an "Objection and Motion to Quash [Progressive's] Withdrawal of its Answer and Cross-Claim." The trial court denied Fuller's objection and motion. Upon Fuller's request, the trial court certified its decision for immediate review. Fuller then filed this direct appeal. We, however, lack jurisdiction.

As a general rule, a right of direct appeal lies from only a final judgment — that is, where the case is no longer pending below. See OCGA § 5-6-34(a)(1); *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) ("an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court") (punctuation omitted). Here, the denial of Fuller's objection and motion was not a final judgment and the case remains pending below. Thus, to obtain immediate review of the trial court's order, therefore, Fuller was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34(b). See *Islamkhan v. Khan*, 299 Ga. 548, 551(2) (787 SE2d 731) (2016). Although Fuller obtained a certificate of immediate review, he failed to file an application for interlocutory appeal.

Given Fuller's failure, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* <u>02/09/2026</u>

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.