# Court of Appeals
# of the State of Georgia

ATLANTA,  March 05, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1016. WILLIE E. GARLINGTON et al v. DEUTSCHE BANK NATIONAL TRUST COMPANY.

In or about 2006, Willie E. and Vivian C. Garlington granted Deutsche Bank National Trust Company ("Deutsche" or the "Bank") and/or its predecessor in interest a security deed on certain real property they owned in Rockdale County (the "Property"). In 2017, the Garlingtons executed an "Affidavit of Recession [sic] and Cancellation of Security Deed" which purported to nullify that security deed.  The Garlingtons also executed and recorded a warranty deed transferring title to the Property to themselves, together with Shontae B. Garlington, and Tony L. Ware. They recorded both documents in the Rockdale County real property records. After learning of the purported rescission of its security deed and the transfer of the Property, Deutsche filed the underlying action seeking a declaration that its security deed remained valid and that it held a valid first-priority interest on the Property, as well as an order requiring that the real estate records of Rockdale County be amended to reflect these facts. Following the Defendants' repeated refusal to comply with Deutsche's discovery requests – even when ordered to do so by the trial court – the Bank moved for sanctions. The trial court granted that motion, struck the Defendants' answer and counterclaims, and entered a default judgment against Defendants and in favor of the Bank. Defendants filed this appeal from the trial court's order. We lack jurisdiction.

Under OCGA § 5-6-34(a)(1), direct appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court

below[.]" See also *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) ("an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court") (punctuation omitted). Here, the default judgment entered by the trial court is not a final judgment, as it left pending the issue of what, if any, equitable relief Deutsche is entitled to. See *Alexander v. Francis*, 369 Ga. App. 580, 587 (2) (894 SE2d 161) (2023) (an entry of default judgment that leaves the question of damages pending is not a final judgment); *Holloway v. McMichael*, 151 Ga. App. 802, 802-803 (261 SE2d 747) (1979) (an entry of default judgment as to liability only is not subject to a direct appeal).

Given that the case remains pending below, Defendants were required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34(b) to obtain immediate review of the trial court's order. See *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016). Defendants' failure to follow these procedures, which include obtaining a certificate of immediate review from the trial court, deprives us of jurisdiction over this appeal. *In re Bruni*, 369 Ga. App. 488, 493(8) (893 SE2d 862) (2023) ("The jurisdiction of an appellate court to consider an appeal depends upon whether the appeal is taken in substantial compliance with the rules of appellate procedure prescribing the conditions under which the judgment of the trial court may be considered appealable.") (citation and punctuation omitted). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  03/05/2026

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*