# Court of Appeals
# of the State of Georgia

ATLANTA,  March 13, 2026

*The Court of Appeals hereby passes the following order:*

**A26I0140. JAMAR CEDRIC THOMAS v. THE STATE.**

On January 9, 2026, the trial court denied Jamar Cedric Thomas's motion to suppress. On January 18, 2026, the trial court issued a certificate of immediate review. Asserting that defense counsel did not receive notice until February 6 that the certificate was granted, on February 9 Thomas filed a "Motion to Correct Scrivener's Error on the Application for Certificate of Immediate Review," asking the trial court to "correct the date of the Order granting defendant a Certificate of Immediate Review" to reflect the date the defendant received actual notice. On February 9, 2026, the trial court entered a second certificate of immediate review, nunc pro tunc to February 6, 2026. Thomas filed this application for interlocutory appeal on February 13, 2026.[1] We, however, lack jurisdiction.

Under OCGA § 5-6-34(b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. Further, an application for interlocutory review must be filed in this Court within ten days after the certificate of immediate review is granted, i.e. when the certificate is filed with the trial court clerk. OCGA § 5-6-34(b). See *Van Schallern v. Stanco*, 130 Ga. App. 687 (204 SE2d 317) (1974).

Here, the trial court first entered a certificate of immediate review on January 18, 2026, which was within ten days of the date it entered the order denying the

---

[1]On February 9, 2026, Thomas filed a direct appeal from the trial court's order denying his motion to suppress. See Case No. A26A1360.

motion to suppress. Thomas was therefore required to file his application for interlocutory appeal in this Court within ten days of that date (i.e., by January 28). See OCGA § 5-6-34(b); *Genter v. State*, 218 Ga. App. 311, 311 (460 SE2d 879) (1995); *Graves v. Dean*, 166 Ga. App. 186, 186 (303 SE2d 751) (1983). Thus, Thomas's application filed on February 13 was untimely. The requirements of OCGA § 5-6-34(b) are jurisdictional, and if a party seeking interlocutory review does not comply with these requirements, the party must wait until final judgment to appeal. See *Islamkhan v. Khan*, 299 Ga. 548, 551(2) (787 SE2d 731) (2016).

Although the trial court entered a second certificate of immediate review on February 9, nunc pro tunc to February 6 (which was also beyond the ten-day period), "a certificate for the immediate review of a nonfinal or interlocutory judgment is ineffective unless entered, i.e., filed with the clerk, within ten days after entry of the judgment appealed from." *Van Schallern v. Stanco*, 130 Ga. App. 687 (204 SE2d 317) (1974). "A nunc pro tunc entry of a certificate for immediate review cannot revive a right of appeal which has expired." *Whitlock v. State*, 124 Ga. App. 599, 601(1) (185 SE2d 90) (1971), rev'd in part on other grounds, 230 Ga. 700 (198 SE2d 865) (1973); see Court of Appeals Rule 16(d) (prohibiting extensions of time in the filing of interlocutory applications).

Because Thomas did not file this application within ten days of the court's only timely certificate of immediate review, we lack jurisdiction. Thus, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __03/13/2026_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*