# Court of Appeals
# of the State of Georgia

ATLANTA,___April 13, 2026_____

*The Court of Appeals hereby passes the following order:*

### A26A1578. PROGRESSIVE MOUNTAIN INSURANCE COMPANY v. RICKEY MCCLENDON.

Progressive Mountain Insurance Company seeks to appeal the trial court's order awarding attorney fees as a discovery sanction under OCGA § 9-11-37(b)(2). We, however, lack jurisdiction.

As a general rule, a right of direct appeal lies from only a final judgment — that is, where the case is no longer pending below. See OCGA § 5-6-34(a)(1); *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) ("[A]n order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court.") (quotation marks omitted). Here, the trial court reserved the amount of attorney fees for a later hearing. Thus, the order was not a final judgment and the case remains pending below. To obtain immediate review of the trial court's order, Progressive was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34(b), including obtaining a certificate of immediate review. See *Islamkhan v. Khan*, 299 Ga. 548, 551(2) (787 SE2d 731) (2016).

Progressive's failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,___04/13/2026_____*
      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.