# Court of Appeals
# of the State of Georgia

ATLANTA, April 28, 2026

*The Court of Appeals hereby passes the following order:*

**A26I0175. ASHLEE MOCK v. STATE OF GEORGIA et al.**

The State filed this action under the Georgia Uniform Civil Forfeiture Procedure Act, OCGA § 9-16-1 et seq., to seize certain real property. Purported owner/interest holder Ashlee Mock answered the complaint. On January 7, 2026, the trial court determined that Mock's answer was insufficient and granted the State's motion to strike it. On January 20, 2026,[1] the trial court granted Mock a certificate of immediate review as to its order striking her answer. On February 17, 2026, Mock filed this application.[2] We, however, lack jurisdiction.

Under OCGA § 5-6-34(b), a party may request interlocutory review if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. An application for interlocutory review must be filed in this Court within ten days after the certificate of immediate review is granted. OCGA § 5-6-34(b). See *Van Schallern v. Stanco*, 130 Ga. App. 687 (204 SE2d 317) (1974).

---

[1] "When a filing deadline falls on a Saturday, Sunday, an official state or national holiday, or a time when the Clerk's office is closed for an emergency (such as inclement weather), the deadline is extended to the next business day." Court of Appeals Rule 3. In this case, the tenth day after entry of the court's order was Saturday, January 17, 2026, and Monday, January 19, 2026, was a federal holiday. Thus, January 20, 2026, was the last permissible date on which the certificate of immediate review could be entered.

[2] Mock initially filed the application in the Supreme Court, which transferred the matter to this Court. See Case No. S26I0879 (Mar.12, 2026).

Here, Mock filed this application 28 days after the trial court entered the certificate of immediate review. Thus, Mock's application was untimely. The requirements of OCGA § 5-6-34(b) are jurisdictional, and if a party seeking interlocutory review does not comply with these requirements, the party must wait until final judgment to appeal. See *Islamkhan v. Khan*, 299 Ga. 548, 551(2) (787 SE2d 731) (2016).

Accordingly, this application is hereby dismissed.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __04/28/2026_____

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*